IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| INTELLECTUAL VENTURES II LLC, § § | |
| Plaintiff, § § § | CASE NO. 2:16-cv-980-JRG |
| v. § § | |
| FEDEX CORP., FEDERAL EXPRESS § CORP., FEDEX GROUND PACKAGE § SYSTEM, INC., FEDEX FREIGHT, INC., § FEDEX CUSTOM CRITICAL, INC., FEDEX § OFFICE and PRINT SERVICES, INC., AND § GENCO DISTRIBUTION SYSTEM, INC., § § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Joint Motion for a Protective Order (Dkt. No. 59).

**I.     BACKGROUND**

On August 31, 2016, Plaintiff Intellectual Ventures II LLC filed a Complaint against Defendants FedEx Corporation, Federal Express Corporation, FedEx Ground Package System, Inc., FedEx Freight, Inc., FedEx Custom Critical, Inc., FedEx Office and Print Services, Inc., and GENCO Distribution System, Inc. (collectively, "FedEx" or "Defendants"). (Dkt. No. 1.) Plaintiff alleges that Defendants infringe U.S. Patent Nos. 6,633,900; 6,909,356; 7,199,715; 8,494,581; and 9,047,586 (collectively, the "Patents-in-Suit"). (*Id.*) Defendants have also requested *inter partes* review ("IPR") for each of the Patents-in-Suit.[1]  No IPRs have been instituted at the time of this opinion.

---

[1] (Dkt. No. 59 at 7.); *see also FedEx Corp. v. Intellectual Ventures II, LLC*, Petition for *Inter Partes* Review, IPR2017-00743, Paper No. 2 (Jan 24, 2017); *FedEx Corp. v. Intellectual Ventures II, LLC and Gula Consulting LLC*, Petition for *Inter Partes* Review, IPR2017-00750, Paper No. 2 (Jan 23, 2017); *FedEx Corp. v. Intellectual Ventures II, LLC and Callahan Cellular LLC*, Petition for *Inter Partes* Review, IPR2017-00787, Paper No. 2 (Jan 27, 2017); *FedEx*

On February 21, 2017, the parties filed the joint motion now before the Court. The dispute between the parties is a proposal to exclude certain experts and consultants from participating in post grant review proceedings under the prosecution bar in the Parties' proposed protective order. (Dkt. No. 59 at 2.)

## II.     LEGAL STANDARD

A party seeking a protective order must demonstrate "good cause" for its issuance. FED. R. CIV. P. 26(c). "The same is true for a party seeking to include in a protective order a provision effecting a patent prosecution bar." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010).[2] In assessing the scope of such a bar, a court first (1) determines whether there is an "'unacceptable opportunity for inadvertent disclosure'" of confidential information to an individual involved in "competitive decisionmaking" with his or her client and then (2) "balance[s] this risk against the potential harm to the opposing party . . . ." *Id.* at 1378, 1380 (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984)); *see also Toshiba Samsung Storage Tech. Korea Corp. v. LG Elecs., Inc.*, No. CV 15-691-LPS-CJB, 2016 WL 447794, at *1 (D. Del. Feb. 4, 2016). "In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required." *In re Deutsche Bank*, 605 F.3d at 1380.

---

*Corp. v. Intellectual Ventures II, LLC and Callahan Cellular LLC*, Petition for *Inter Partes* Review, IPR2017-00729, Paper No. 2 (Jan. 19, 2017); *FedEx Corp. v. Intellectual Ventures II, LLC and OL Security Limited Liability Company*, Petition for *Inter Partes* Review, IPR2017-00859, Paper No. 2 (Feb. 7, 2017).

[2] Although Fifth Circuit law would normally govern issues involving an interpretation of the Federal Rules of Civil Procedure, "Federal Circuit law applies to discovery matters if the determination implicates an issue of substantive patent law," including the scope of a patent prosecution bar. *In re Deutsche Bank*, 605 F.3d at 1377.

**III.     DISCUSSION**

The Court begins by considering whether permitting experts and consultants to participate in this litigation and related PTO proceedings creates an "unacceptable opportunity for inadvertent disclosure" of confidential information based on *Deutsche Bank*.[3]

Defendants argue that Plaintiff's experts may use knowledge acquired in this litigation to "advis[e] counsel on drafting claim amendments" in the IPRs that have been filed. (Dkt. No. 59 at 7.) The Court is not persuaded that this is an "unacceptable" risk, particularly where the parties already agree that outside counsel for both parties may overlap between this litigation and related PTO proceedings. Even if some risk of inadvertent disclosure in hypothetical IPR proceedings were considered to be present here, Defendants have not demonstrated that such a risk is substantial. *See, e.g., Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, Civil Action No. 14-1006-RGA, Civil Action No. 14-1212-RGA, 2015 WL 7257915, at *2 (D. Del. 2015) (explaining that "[i]nvolvement in post-grant proceedings does not raise the same risk of competitive misuse as does involvement in prosecution" because in post-grant proceedings the PTO is assessing existing claims that may only be narrowed such that there is "little risk that confidential information learned in litigation will be competitively used to draft claims that read on [d]efendants' products"); *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 3:11-CV-01810-JLS, 2012 WL 528248, at *6 (S.D. Cal. 2012) (concluding that "a review of cases directly discussing a prosecution bar applied to reexamination finds near unanimous support against extending the bar to cover reexamination" and collecting cases); *Document Generation Corp. v. Allscripts, LLC*, No. CIV A 6:08-CV-479, 2009 WL 1766096, at *2 (E.D. Tex. 2009) (noting that fears a plaintiff might

---

[3] While *Deutsche Bank* involved the application of a prosecution bar to lawyers, not experts or consultants, and involved patent prosecution, rather than IPR and other post grant proceedings, the standards set forth there are instructive and guide the Court's analysis.

use confidential information to "enlarge the scope of the initial patent" in reexamination were "largely misplaced"); *Toshiba Samsung*, No. CV 15-691-LPS-CJB, 2016 WL 447794, at *2. Instead, Defendants have argued that such risk "is too great" without support or citation to legal authority. (Dkt. No. 59 at 6.)

By contrast, the burden imposed on Plaintiff by Defendants' proposal is substantial. Plaintiff would be required to retain one set of experts for this case and another set of experts for any future PTO proceedings related to this case. Defendants argue, however, that Plaintiff faces "no prejudice" in this circumstance because "there are ample experts available in the field." (Dkt. No. 59 at 7.) However, the burden imposed on Plaintiff here arises from the cost of hiring two sets of experts and the additional expense related to counsels' time in familiarizing both sets of experts with the same facts.

In light of these circumstances, the Court is not persuaded that good cause exists for Defendants' proposed prosecution bar. Having considered the motion, the Court has determined that it will not restrict experts from participating in post-grant or reexamination proceedings related to this case, absent some agreement between the parties. The parties are therefore ORDERED to submit a final proposed Protective Order incorporating the above decision. Such should be submitted within three days of this order.

**So ORDERED and SIGNED this 5th day of April, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE