# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX FREIGHT, INC., FEDEX CUSTOM CRITICAL, INC., FEDEX OFFICE AND PRINT SERVICES, INC., GENCO DISTRIBUTION SYSTEM, INC., | § § § § § § § § | CIVIL ACTION NO. 2:16-CV-00980-JRG |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Stay Pending *Inter Partes* Review (Dkt. No. 104) ("the Motion"). Having considered the Motion and for the reasons set forth below, the Motion is **DENIED**.

### I. Background

On August 31, 2016, Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures" or "Plaintiff") sued Defendants FedEx Corporation, Federal Express Corporation, FedEx Ground Package System, Inc., FedEx Freight, Inc., FedEx Custom Critical, Inc., FedEx Office and Print Services, Inc., and GENCO Distribution System, Inc. (collectively, "FedEx" or "Defendants"). (Dkt. No. 1.) Plaintiff alleges that Defendants infringe five different patents: U.S. Patent Nos. 6,633,900 ("the '900 Patent"); 6,909,356 ("the 356 Patent"); 7,199,715 ("the '715 Patent"); 8,494,581 ("the '581 Patent"); and 9,047,586 ("the '586 Patent") (collectively, "the Asserted Patents").

In January and February of 2017, Defendants filed six petitions for *inter partes* review ("IPR") covering all of the Asserted Claims. (Dkt. No. 104 at 1.) The Patent Trial and Appeal Board ("PTAB") instituted review on twenty-three of the Asserted Claims and denied institution on the remaining twenty-eight claims. (Dkt. No. 112 at 1.)

| Patent No. | IPR Case No. | Decision Date | Asserted Claims Instituted | Asserted Claims Not Instituted |
|---|---|---|---|---|
| 8,494,581 | IPR2017-00729 | 7/25/17 | 1-14, 16, 17 | 18, 19, 20, 24 |
| 6,633,900 | IPR2017-00741 | 7/25/17 | 1 | - |
| | IPR2017-00743 | 7/25/17 | - | 1 |
| 6,909,356 | IPR2017-00750 | 7/12/17 | - | 1, 3-5, 7, 11-14, 17 |
| 7,199,715 | IPR2017-00787 | 7/25/17 | 1, 11 | 4, 5, 7, 9, 14, 15, 17, 19, 22, 23, 25 |
| 9,047,586 | IPR2017-00859 | 8/10/17 | 7, 8, 12, 13 | 16, 18, 19 |

After some of its challenges were denied, FedEx filed a second round of "follow-on" petitions on August 31, 2017, seeking review on the uninstituted claims. (Dkt. No. 104 at 1; Dkt. No. 112 at 4). The PTAB has not rendered an institution decision for these "follow-on" petitions. (*Id.*)

On September 1, 2017, Defendants filed the instant Motion seeking a stay in light of the instituted IPRs and the then recently filed "follow-on" petitions. (Dkt. No. 104.) At that point, the Parties had already filed claim construction briefing (Dkt. No. 91; Dkt. No. 102) and engaged in substantial discovery. (Dkt. No. 112 at 12.) Additionally, the close of discovery is a few months away and trial is set for May 7, 2018. (Dkt. No. 135.)

## II. **Legal Standard**

A district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "District courts typically consider three factors when determining whether to grant a stay pending *inter partes* review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings

before the court have reached an advanced stage . . . and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). Ultimately, the party requesting a stay bears the burden of establishing that a stay is justified. *Clinton*, 520 U.S. at 709.

### III. Discussion

#### A. Whether a Stay Will Simplify the Issues

The Court finds that a stay would do little to simplify the issues here. Indeed, the PTAB has declined to institute on a majority of the Asserted Claims. (Dkt. No. 112 at 1.) This sets the present case apart from those in which this Court has stayed a case even as to uninstituted claims because all but a few claims were the subject of an IPR. *See, e.g., Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-cv-00059, 2016 WL 4394485, at *3 (E.D. Tex. May 12, 2016) ("[T]he Court finds that the likelihood of simplification of issues is high since the PTAB has instituted review of [nine of the ten] claims at issue in this case."). Defendants' "follow-on" petitions do not alter that calculus. *Cellular Commc'ns Equip., LLC v. Samsung Elecs. Co.*, No. 6:14-CV-759, 2015 WL 11143485, at *3 (E.D. Tex. Dec. 16, 2015) ("The likelihood of simplification is far more speculative before the PTAB decides whether to institute inter partes review."). Defendants' argument that these "follow-on" petitions *will most assuredly* be granted is no less speculative than a plaintiff's possible assertion that the pending constitutional challenge to the continued existence of the PTAB *will most assuredly* be granted by the Supreme Court. Predictions and future projections of these types do not move the Court.

Additionally, the instituted IPRs only cover a narrow slice of the invalidity arguments Defendants have raised in this case. For example, Defendants have argued that the '715 Patent is invalid under § 102 with respect to at least eight references (Dkt. No. 112 at 15–16), under § 103

with respect to at least twenty-six combinations (*id.* at 22–24), under § 112 (*id.* at 73–75), and under § 101 (*id.* at 85–86). The PTAB's decision will address a single theory, obviousness, with respect to a single reference. (Dkt. No. 112 at 7.) Therefore, even a favorable PTAB decision for Defendants leaves their other defenses, at least with respect to the uninstituted claims, in need of resolution. *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-CV-349-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (concluding that pending IPRs would "have a negligible impact on potentially streamlining the case" where numerous defenses would remain live even after IPR decision).

Accordingly, the Court concludes that this factor does not weigh in favor of granting a stay.

### B. <u>Whether a Stay Will Result in Prejudice</u>

Defendants argue that Plaintiff will suffer no prejudice because Intellectual Ventures "does not produce or sell any products" and thus it can be compensated, if infringement were eventually found, through damages, including for the period covered by the stay. (Dkt. No. 104 at 9–10 ("[A]ny potential prejudice Intellectual Ventures may assert—receiving alleged damages later rather than sooner—is minimal and entirely compensable through the ordinary damages phase of the litigation.").) However, as this Court explained in *Saint Lawrence* when presented with this same argument, "a plaintiff has a right to timely enforcement of its patent rights." *Saint Lawrence*, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017). *See also Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (collecting cases and concluding that prejudice to timely enforcement of plaintiff's patent rights cuts against granting a stay). Although Defendants argue that any prejudice is minimal because the PTAB decisions must be rendered within the statutory one-year deadline, the PTAB can extend

those deadlines, 37 C.F.R. § 42.100(c), and appellate review of the decision may also delay the case many additional months. (Dkt. No. 112 at 15.)

### C. The Stage of the Case

Defendants argue that this case is in its early stages and therefore a stay is appropriate. (Dkt. No. 104 at 11–12.) Plaintiff responds by arguing that this case is set to go to trial several months before the PTAB's deadline for issuing a written decision with respect to claims it has instituted on and nearly a year before it would issue a decision on the remaining claims (if the PTAB decides to institute) and therefore proceeding to trial is "the fastest, most complete, and most efficient way to resolve the parties' disputes." (Dkt. No. 112 at 11–12.) Plaintiff also argues that this case has proceeded through substantial discovery and claim construction and thus a stay would be inefficient. (*Id.*)

The Court agrees that the Parties have already invested substantial effort and resources during discovery and in preparing claim construction briefing. (Dkt. No. 91; Dkt. No. 102; Dkt. No. 112 at 12.) These circumstances weigh against staying this case. *See, e.g., Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12CV221 LED-JDL, 2014 WL 4494479, at *3 (E.D. Tex. Jan. 14, 2014). This is particularly true with respect to Defendants' "follow-on" petitions, which were filed well after this case was underway.

### IV. Conclusion

Taking the factors discussed above together and for the reasons set forth herein, the Court concludes that Defendants failed to carry their burden to show that a stay is warranted in light of their IPR petitions. Accordingly, their Motion to Stay (Dkt. No. 104) is **DENIED**. However, Defendants may re-urge their motion in light of the PTAB's decisions on the uninstituted claims.

**So ORDERED and SIGNED this 24th day of October, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE