IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:16-CV-00980-JRG |
| FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX FREIGHT, INC., FEDEX CUSTOM CRITICAL, INC., FEDEX OFFICE AND PRINT SERVICES, INC., GENCO DISTRIBUTION SYSTEM, INC., | § § § § § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Intellectual Ventures II LLC's ("Plaintiff" or "Intellectual Ventures") Motion to Treat FedEx's Rule 12(c) Motions as Summary Judgment Motions and Deny Them as Exceeding the Page Limits, or in the Alternative to Extend Intellectual Ventures' Time to Respond (Dkt. No. 150) ("the Motion"). Having reviewed the Parties' Arguments, the Court **GRANTS** the Motion to the extent Plaintiff seeks an extension and **CARRIES** the Motion as to converting Defendants' Motions under 12(c) into motions under Rule 56.

### I. Background

This case relates to allegations of patent infringement by Plaintiff against FedEx Corporation ("FedEx Corp."), Federal Express Corporation ("FedEx Express"), FedEx Ground Package System, Inc. ("FedEx Ground"), FedEx Freight, Inc. ("FedEx Freight"), FedEx Custom Critical, Inc. ("FedEx Custom Critical"), FedEx Office and Print Services, Inc. ("FedEx Office"), and GENCO Distribution System, Inc. ("FedEx Supply Chain") (collectively, "FedEx" or

"Defendants"). (Dkt. No. 1.) Plaintiff alleges that Defendants infringe five different patents: U.S. Patent Nos. 6,633,900 ("the '900 Patent"); 6,909,356 ("the '356 Patent"); 7,199,715 ("the '715 Patent"); 8,494,581 ("the '581 Patent"); and 9,047,586 ("the '586 Patent") (collectively, "the Asserted Patents").

On October 24, 2017, just two days before the claim construction hearing scheduled in this case, Defendants filed five separate motions arguing that each of the five Asserted Patents are invalid under 35 U.S.C. § 101. (Dkt. Nos. 136, 137, 138, 139, 140.) These motions were each styled as motions under Federal Rule of Civil Procedure 12(c). (*Id.*) However, each motion also included exhibits that were not attached to the Complaint together with arguments relating to these exhibits. (Dkt. Nos. 136-1, 136-2, 136-3, 136-4, 136-5, 137-1, 138-3, 139-1, 140-1, 140-2.)

On October 26, 2017, the Court held a claim construction hearing addressing the Parties disputed terms. (Dkt. No. 147.)

On November 6, 2017, Plaintiff filed the instant motion seeking either an extension of its deadline to respond to Defendants' motions under Rule 12(c) or a conversion of Defendants' motions under Rule 12(c) into motions under Rule 56, with the Court then denying these motions as premature and exceeding the page limit established by the Local Rules for motions under Rule 56. (Dkt. No. 150.)

On November 29, the Court provided its constructions of the Asserted Patents. (Dkt. No. 165.)

**II.    Legal Standard**

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co., Inc. v.*

*Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir.1990); *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1311 (Fed. Cir. 2016) ("We review procedural aspects of the grant of judgment on the pleadings under the law of the regional circuit . . . ."). In evaluating a motion under Rule 12(c), a court may look beyond the Complaint only after converting the motion into one for summary judgment, unless the additional materials or facts are amenable to judicial notice, attached to the Complaint, or incorporated therein. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002); Fed. R. Civ. P. 12(d). However, "the mere submission or service of extraneous materials does not by itself convert a Rule 12(b)(6) or 12(c) motion into a motion for summary judgment." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) (internal brackets omitted). In fact, "Rule 12(b) gives a district court complete discretion to determine whether or not to accept any material beyond the pleadings." *Isquith for & on Behalf of Isquith v. Middle S. Utilities, Inc.*, 847 F.2d 186, 194 n. 3 (5th Cir. 1988) (internal quotation marks omitted). The exercise of this discretion in any particular case depends on whether "the conversion of the motion facilitates the disposition of the case." *Woods v. City of Galveston*, 5 F. Supp. 2d 494, 497 n.3 (S.D. Tex. 1998); *Webb v. Taylor*, No. 6:11-CV-14, 2011 WL 13220216, at *1 (E.D. Tex. Sept. 22, 2011) (same); *839 E. 19th St., LP v. Citibank, N.A.*, No. 3:11-CV-1238-M, 2011 WL 3510902, at *1 (N.D. Tex. Aug. 9, 2011); 5 C. Wright & A. Miller, *Federal Practice and Procedure, Civil*. § 1366 (3d. ed. 2017).

**III.    Discussion**

Plaintiff argues that this Court should treat Defendants' motions as ones for summary judgment because they are accompanied by exhibits, including interrogatory responses and declarations, which were not attached to the Complaint in this case. (Dkt. No. 150 at 1–2.)

Plaintiff also argues that summary judgment is the proper mechanism to address Defendants' challenges under § 101 because this case is near the close of discovery. (*Id.*)

Defendants do not dispute that their motions reference extraneous evidence. Instead, Defendants argue that the extraneous materials cited in their motions are "admission[s] by Intellectual Ventures about claim scope" or otherwise amenable to judicial notice. (Dkt. No. 151 at 6.) Defendants further contend that the Court should dispose of this case on the pleadings now, under Rule 12(c), because "[e]ach motion is ripe for briefing and resolution" and "[c]onsidering [the motions] now will do much more to resolve this case . . . ." (Id. at 1) However, Rule 12(c) is not always the best vehicle, or even the proper one, to address § 101 questions.[1]

---

[1] This is particularly true where there are factual disputes between the parties. *See, e.g., Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1325 (Fed. Cir. 2016) (noting that addressing whether claims are patent eligible under § 101 may contain underlying factual questions). Additionally, engaging in claim construction before assessing validity can aid in the § 101 analysis. *See Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1273–74 (Fed. Cir. 2012) ("[I]t will ordinarily be desirable—and often necessary—to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter."); *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 842 (2015) (explaining that construing patent claims sometimes involves making factual determinations). Indeed, FedEx argued in its briefing on the instant Motion that it waited to file its Rule 12 motions in this case "to coincide with the *Markman* stage of this case so that the Court [would] have a fresh understanding of the asserted claims." (Dkt. No. 151 at 1.) Resolving validity issues at the Rule 12 stage can also tempt courts, sometimes improperly, to conclude that certain concepts are conventional or routine by way of judicial notice or treating this potentially factual question as a purely legal one. *But see Ameritox, Ltd. v. Millennium Health, LLC*, 88 F. Supp. 3d 885, 911 (W.D. Wis. 2015) ("When, as here, Millennium is asking the court to infer that the combination of elements is conventional, it must supply *some* evidence to convince the trier of fact to accept its version of events. Since those facts are lacking here, Millennium's position is necessarily rejected."); *Integrated Tech. Sys., Inc. v. First Internet Bank of Indiana*, No. 2:16-CV-00417-JRG-RSP, 2017 WL 631195, at *2 (E.D. Tex. Jan. 30, 2017) ("At some point . . . the presentation of matters outside the pleadings gives rise to a court's discretion to convert the dismissal motion to a motion for summary judgment."), *report and recommendation adopted*, No. 2:16-CV-00417-JRG-RSP, 2017 WL 617673 (E.D. Tex. Feb. 15, 2017); Kimberly A. Moore, Timothy R. Holbrook, & John F. Murphy, *Patent Litigation and Strategy* 643 (4th ed. 2013) ("*Mayo* suggests that portions of the claim that are well-known and conventional do not contribute to patent eligibility; but how should a court determine what is well-known?"). Framing the question as a legal one also sidesteps and undermines the presumption of validity. *Cf. Triplay, Inc. v. WhatsApp Inc.*, No. CV 13-1703-LPS-CJB, 2017 WL 5587112, at *3 (D. Del. Nov. 20, 2017) (noting the uncertainty in this area of the law); *In re TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773, 797 (E.D. Va. 2015) ("[N]either the Supreme Court nor the Federal Circuit has revisited the standard of proof applicable to § 101 challenges . . . [a]s a result of this deafening silence, district courts, not surprisingly, are split over the standard of proof applicable to § 101 challenges."), *aff'd*, 823 F.3d 607 (Fed. Cir. 2016) (not addressing the question). Moreover, ignoring the role of factual determinations in the § 101 analysis subjects the resulting decision to *de novo* review, producing increasing uncertainty in this area of the law and preventing trial courts and juries from serving as frontline adjudicators of facts. *Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 701 F.3d 1351, 1362 (Fed. Cir. 2012) (Moore, J., dissenting from denial of petition for rehearing en banc) ("When we convert factual issues, or mixed questions of law and fact, into legal ones for our *de novo* review, we undermine the uniformity and predictability goals this court was designed to advance."); *Lighting Ballast Control*

4

Ultimately, the Court rejects Plaintiff's argument that because Defendants have put extraneous materials in play, or because Plaintiff intends to rely on extraneous materials, the Court must convert Defendants' motions into ones for summary judgment. *See Isquith*, 847 F.2d at 194 n. 3 (recognizing that district courts have "complete discretion" to convert a Rule 12 motion by relying on extraneous materials). The Court also concludes that it is premature at this juncture to convert Defendants' motions without responsive briefing as to the underlying issues raised by Defendants.

Accordingly, the Court will grant Plaintiff's Motion to the extent it seeks to extend Plaintiff's deadlines to respond to each of Defendants' motions under Rule 12(c) until December 6, 2017, with subsequent briefing to follow. After briefing is completed on these motions, the Court will then consider whether resolution of Defendants' motions is appropriate under Rule 12(c) or Rule 56, having now decided that conversion *could* be appropriate. *See id.* 195 (where a court converts a Rule 12 motion into one under Rule 56, the parties are entitled to notice that such

---

*LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1312 (Fed. Cir. 2014) (O'Malley, J., dissenting) ("The Supreme Court has made clear, however, that [a] narrow view of the trial court's factfinding function is an inaccurate one."), *cert. granted, judgment vacated sub nom. Lighting Ballast Control LLC v. Universal Lighting Techs., Inc.*, 135 S. Ct. 1173 (2015); *Teva*, 135 S. Ct. at 838 (2015) ("A district court judge who has presided over, and listened to, the entirety of a proceeding has a comparatively greater opportunity to gain that familiarity than an appeals court judge who must read a written transcript or perhaps just those portions to which the parties have referred." (citing *Lighting Ballast*, 744 F.3d at 1312 (O'Malley, J., dissenting)); *Smart Sys. Innovations, LLC v. Chicago Transit Auth.*, 873 F.3d 1364, 1378 (Fed. Cir. 2017) (Linn, J., dissenting and concurring in part) ("Despite the number of cases that have faced these questions and attempted to provide practical guidance, great uncertainty yet remains. And the danger of getting the answers to these questions wrong is greatest for some of today's most important inventions in computing, medical diagnostics, artificial intelligence, the Internet of Things, and robotics, among other things."). *See also* Raymond A. Mercado, *Resolving Patent Eligibility and Indefiniteness in Proper Context: Applying Alice and Aristocrat*, 20 Va. J.L. & Tech. 240, 332 (2016) ("Guidance from the Federal Circuit regarding the specific factual inquiries underlying a § 101 determination is badly needed . . . ."). Finally, the emphasis on raising § 101 objections at the earliest possible stage has subjected courts to validity challenges at every conceivable stage of a case. *See Bascom Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1352 (Fed. Cir. 2016) (Newman, J., concurring) ("[I]t has become increasingly apparent, as various factual situations have been brought into Section 101 challenges, that these new litigation opportunities have led to judicial protocols that are time-consuming and usually unnecessary.").

a result "could" occur in advance of such a conversion taking place). Such briefing may include whatever materials or arguments Plaintiff seeks to place before the Court, but the Court will only evaluate those materials it finds appropriate to consider under Rule 12, unless the Court determines that conversion under Rule 12(d) is appropriate and necessary to "facilitate[] the disposition of the case." *Woods*, 5 F. Supp. 2d at 497 n.3. Thus, the Court will carry Plaintiff's request for conversion until the Court addresses the underlying motions.

## IV. <u>Conclusion</u>

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to the extent it seeks an extension for responding to Defendants' 12(c) motions until December 6 and the Court **CARRIES** Plaintiff's Motion to the extent it seeks conversion of these motions into ones for summary judgment.

So ORDERED and SIGNED this 1st day of December, 2017.

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE