**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **INTELLECTUAL VENTURES II LLC,** | |
| **Plaintiff,** | Civil Action No. 2:16-cv-00980-JRG |
| v. | **JURY TRIAL DEMANDED** |
| **FEDEX CORP., FEDERAL EXPRESS CORP., FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX FREIGHT, INC., FEDEX CUSTOM CRITICAL INC., FEDEX OFFICE AND PRINT SERVICES, INC., and GENCO DISTRIBUTION SYSTEM, INC.,** | |
| **Defendants.** | |

**PLAINTIFF INTELLECTUAL VENTURES II LLC'S RESPONSE**
**TO FEDEX'S URGENT MOTION TO STAY ALL DEADLINES PENDING APPEAL**

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................... 1

III. LEGAL STANDARD ...................................................................................................... 3

IV. ARGUMENT .................................................................................................................... 5

    A.  FedEx Did Not Show That a Stay Will Simplify the Issues in Question and Trial of the Case. ................................................................................................... 5

    B.  The Stage of This Case Weighs Against FedEx's Motion to Stay. ........................ 7

        1.  This Case Has Advanced Far Enough to Weigh Against a Stay. ............... 7

        2.  The Federal Circuit Will Likely Resolve Defendants' Mandamus Petition Well Before Trial. ........................................................................ 9

    C.  Staying the Case Would Unduly Prejudice Intellectual Ventures and Give FedEx an Unfair Tactical Advantage. .................................................................. 10

        1.  A Stay Would Prejudice Intellectual Ventures. ........................................ 10

        2.  A Stay Would Give FedEx an Unfair Tactical Advantage. ...................... 12

V.  CONCLUSION ............................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bankers Life & Cas. Co. v. Holland*,
   346 U.S. 379 (1953) .................................................................................................................. 5

*Clinton v. Jones*,
   520 U.S. 681 (1997) .................................................................................................................. 5

*EchoStar Techs. Corp. v. TiVo, Inc.*,
   No. 5:05-cv-00081, 2006 WL 2501494 (E.D. Tex. July 14, 2006) ............................................ 4

*Hayes v. City Univ. of New York*,
   503 F. Supp. 946 (S.D.N.Y. 1980) ............................................................................................ 5

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) .................................................................................................................. 4

*In re Asustek Comput., Inc.*,
   No. 17-131, Dkt. No. 9 (Fed. Cir. Aug. 4, 2017) ....................................................................... 8

*In re Aurobindo Pharma Ltd.*,
   No. 17-115, Dkt. No. 10 (Fed. Cir. Mar. 7, 2017) ..................................................................... 9

*In re Cordis Corp.*,
   769 F.2d 733 (Fed. Cir. 1985) ................................................................................................... 8

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ................................................................................................. 8

*In re Cray Inc.*,
   No. 17-129, Dkt. No. 7 (Fed. Cir. July 18, 2017) ..................................................................... 9

*In re Cutsforth,, Inc.*,
   No. 17-135, Dkt. No. 7 (Fed. Cir. Aug. 22, 2017) ..................................................................... 8

*In re Deca Int'l Corp.*,
   No. 17-136, Dkt. No. 4 (Fed. Cir. Aug. 28, 2017) ..................................................................... 8

*In re FedEx Corp.*,
   No. 18-117 (Fed. Cir. Dec. 5, 2017) ............................................................................... 3, 5, 6, 9

*In re HTC Am., Inc.*,
   No. 17-133, Dkt. No. 8 (Fed. Cir. Aug. 14, 2017) ..................................................................... 8

**Page(s)**

*In re Micron Tech., Inc.*,
   875 F.3d 1091 (Fed. Cir. 2017) .................................................................................... 8, 12

*In re Micron Tech., Inc.*,
   No. 17-138, Dkt. No. 3 (Fed. Cir. Sept. 14, 2017) ................................................................ 8

*In re Nintendo of Am. Inc.*,
   No. 17-127, Dkt. No. 4 (Fed. Cir. July 11, 2017) ................................................................ 9

*In re TC Heartland LLC*,
   821 F.3d 1338 (Fed. Cir. 2016) ............................................................................................ 2

*In re Techtronic Indus. N. Am.*,
   No. 17-125, Dkt. No. 3 (Fed. Cir. July 3, 2017) .................................................................. 9

*Invensys Sys., Inc. v. Emerson Elec. Co.*,
    No. 6:12-cv-00799, 2014 WL 4477393 (E.D. Tex. July 25, 2014) ......................................... 11

*Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*,
   232 F. Supp. 3d 628 (D. Del. 2017) ..................................................................................... 6

*Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*,
   No. 2:13-cv-00235, 2014 WL 4652117 (E.D. Tex. Sept. 18, 2014) ......................................... 7

*Lodsys, LLC v. Brother Int'l Corp.*,
   No. 2:11-cv-00090, 2013 WL 1338767 (E.D. Tex. Jan. 14, 2013) ........................................... 4

*Luv N' Care, Ltd. v. Jackel Int'l Ltd.*,
   No. 2:14-cv-00855, 2015 WL 2352898 (E.D. Tex. May 15, 2015) ......................................... 7

*Murata Mach. USA v. Daifuku Co., Ltd.*,
   830 F.3d 1357 (Fed. Cir. 2016) ............................................................................................ 5

*Neirbo Co. v. Bethlehem Shipbuilding Corp.*,
   308 U.S. 165 (1939) ............................................................................................................. 9

*Nken v. Holder*,
   556 U.S. 418 (2009) ............................................................................................................. 4

*Personalweb Techs. LLC v. Int'l Bus. Machines Corp.*,
   No. 6:12-cv-00659, 2016 WL 7364672 (E.D. Tex. Jan. 28, 2016) ........................................... 7

*Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*,
   734 F.3d 406 (5th Cir. 2013) ............................................................................................... 4

*Queens Univ. at Kingston v. Samsung Elecs. Co.*,
   No. 2:14-cv-0053, 2015 WL 10936048 (E.D. Tex. Aug. 28, 2015) .................................... 4, 5

**Page(s)**

*Raytheon Co. v. Cray, Inc.*,
    258 F. Supp. 3d 781 (E.D. Tex. June 29, 2017) ....................................................................... 8

*Raytheon Co. v. Cray, Inc.*,
    No. 2:15-cv-01554 (E.D. Tex.) ............................................................................................ 8, 9

*Singleton v. Volkswagen of Am., Inc.*,
    No. 2:06-cv-222, 2007 WL 1557104 (E.D. Tex. May 25, 2007) ............................................. 6

*Soverain Software LLC v. Amazon.com, Inc.*,
    356 F. Supp. 2d 660 (E.D. Tex. 2005) ..................................................................................... 4

*St. Lawrence Commc'ns LLC v. ZTE Corp.*,
    No. 2:18-cv-00349, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ......................................... 11

*TC Heartland LLC v. Kraft Foods, Inc.*,
    127 S. Ct. 1514 (2017) ........................................................................................................... 12

*Williams v. Toyota Motor Corp.*,
    No. 2-07-cv-442, 2008 WL 5273528 (E.D. Tex. Dec. 19, 2008) ....................................... 3, 11

*Woodson v. Surgitek, Inc.*,
    57 F.3d 1406 (5th Cir. 1995) ................................................................................................... 3

**Statutes**

28 U.S.C. § 1400(b) ............................................................................................................... 2, 3, 8

28 U.S.C. § 1404 ........................................................................................................................... 12

28 U.S.C. § 1404(a) ........................................................................................................................ 2

28 U.S.C. § 1406(a) .................................................................................................................... 2, 6

**Rules**

Fed. R. App. P. 8 ............................................................................................................................ 4

Fed. R. Civ. P. 1 ............................................................................................................................. 9

Fed. R. Civ. P. 62 ........................................................................................................................ 4, 5

I.  **INTRODUCTION**

FedEx has made every effort to avoid adjudicating this case on the merits. Its latest bid to escape, a Petition for Writ of Mandamus to the Federal Circuit, seeks to overturn this Court's decision that FedEx waived its objection to venue by failing to pursue it during the first nine months of this litigation. FedEx now asks this Court to approve a stay of all district court proceedings while the Federal Circuit considers this issue.

Intellectual Ventures respectfully submits that the proper exercise of the Court's discretion is to allow this case to proceed toward trial. *First*, the pending mandamus petition does not have the potential to simplify the issues in this case; at most, the petition will change the venue in which some of the issues are ultimately decided. As a result, all of the scheduled discovery and motion briefing will be necessary and useful to the parties, regardless of the Federal Circuit's decision. *Second*, this case is in an advanced stage; staying expert discovery will likely require delaying the trial. The case is not so advanced, however, that there is any real danger that the case will reach trial before the Federal Circuit issues its decision. And trial in the Eastern District of Texas is the *only* harm that FedEx identifies in its mandamus petition. *Finally*, a stay would prejudice Intellectual Ventures by delaying expert discovery, dispositive motion briefing, and eventually trial. Given that the present mandamus petition centers on the legal significance of FedEx's excessive dawdling before pursuing a venue defense, the equities favor seeking expeditious resolution of Intellectual Ventures's claims, rather than rewarding FedEx for its delay. Accordingly, Intellectual Ventures respectfully requests that the Court deny FedEx's Motion to Stay.

II.  **FACTUAL BACKGROUND**

Intellectual Ventures filed this patent infringement lawsuit on August 31, 2016. (Dkt. No. 1.) Intellectual Ventures contends that FedEx Corporation ("FedEx Corp.") and six of its

1

subsidiaries—Federal Express Corporation ("FedEx Express"), FedEx Ground Package System, Inc. ("FedEx Ground"), FedEx Freight, Inc. ("FedEx Freight"), FedEx Custom Critical, Inc. ("FedEx Custom Critical"), FedEx Office and Print Services, Inc. ("FedEx Office"), and GENCO Distribution System, Inc. (now known as "FedEx Supply Chain") (collectively "defendants" or "FedEx")—infringe several of Intellectual Ventures' patents (collectively, the "asserted patents"). (*Id*.)

FedEx filed its Answer in this matter on November 10, 2016. (Dkt. No. 32.) In that Answer, FedEx denied that venue is proper in this district "under 28 U.S.C. § 1400(b)" but did not explain why venue was improper—despite the fact that venue was undoubtedly proper against FedEx Office under any standard—or list improper venue as an affirmative defense. (*Id*.) On November 11, FedEx filed a motion to transfer the case pursuant to 28 U.S.C. § 1404(a). (Dkt. No. 34.) Despite admitting knowledge of the petition for writ of certiorari in *In re TC Heartland LLC*, 821 F.3d 1338 (Fed. Cir. 2016) in their Answer, FedEx did not claim that venue was improper in this District in either its briefing or argument on that motion. (*See* Dkt. Nos. 33, 44, 60.) Instead, FedEx waited nearly nine months to file a motion to dismiss or transfer for improper venue under 28 U.S.C. § 1406(a). (Dkt. No 84.)

On November 22, 2017, this Court denied FedEx's motion to dismiss or transfer. (*See* Dkt. No. 161.) The Court determined that the FedEx defendants waived their objection to venue "based on their own conduct, the judicial resources already expended in this case by the Court, [and] the prejudice to Plaintiff in reopening a dormant venue dispute simply because it has become convenient for Defendants to litigate the issue." (*Id*. at 8.)

Although the Court's finding of waiver alone provided sufficient basis for denying FedEx's motion, the Court proceeded to analyze the underlying venue question and found that

venue was proper with respect to all six of the defendants about which the Court had sufficient information.[1] With respect to FedEx Office, which is incorporated in Texas and has a principal place of business in the Eastern District, the Court found that venue is proper in this District under the first prong of 28 U.S.C. § 1400(b). (*Id*. at 13) The Court further found that venue is proper for FedEx Express, FedEx Custom Critical, FedEx Ground, FedEx Freight, and FedEx Supply Chain under the second prong of 28 U.S.C. § 1400(b). (*Id*. at 17, 19)

On December 5, 2017, FedEx filed a Petition for Writ of Mandamus (the "mandamus petition") with the Federal Circuit, seeking dismissal of Intellectual Ventures' claims against six of the seven defendants. *In re FedEx Corp.*, No. 18-117, Dkt. No. 2-1 at 1 (Fed. Cir. Dec. 5, 2017). Although FedEx acknowledges that venue is proper for FedEx Office, FedEx challenges this Court's waiver decision and venue analysis for each of the other six defendants. *Id*. On December 6, 2017, the Federal Circuit ordered responsive briefing. *Id*. at Dkt. No. 7.

On December 11, FedEx filed the instant motion to stay, asking the Court to stay all trial court deadlines and proceedings until the Federal Circuit decides their appeal. (Dkt. No. 185 at 2.)

## III.   LEGAL STANDARD

Because mandamus petitions are granted only in exceptional circumstances, "[a] district court's jurisdiction is not interrupted when a party files a petition for writ of mandamus." *Williams v. Toyota Motor Corp.*, No. 2-07-cv-442, 2008 WL 5273528, at *1 (E.D. Tex. Dec. 19, 2008) (citing *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995)). Instead, a party seeking a stay pending a mandamus petition has the burden of showing that a stay is justified.

---

[1] The Court found that, although further discovery could provide a basis for finding that venue is also proper for FedEx Corp., the record does not presently support a finding either way. (*See* Dkt. No. 161 at 9, n. 2)  The Court declined to grant further discovery because the point "is ultimately moot in light of Defendants' waiver." (*Id*.)

3

*Nken v. Holder*, 556 U.S. 418, 427, 433-34 (2009). Such a party must address three factors to show that a stay pending mandamus is justified: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-00090, 2013 WL 1338767, at *10 (E.D. Tex. Jan. 14, 2013) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *Queens Univ. at Kingston v. Samsung Elecs. Co.*, No. 2:14-cv-0053, 2015 WL 10936048, at *2 (E.D. Tex. Aug. 28, 2015) (deciding motion to stay pending resolution of mandamus petition). "Essentially, courts determine whether the benefits of a stay outweigh the inherent costs based on these factors." *EchoStar Techs. Corp. v. TiVo, Inc.*, No. 5:05-cv-00081, 2006 WL 2501494, at *1 (E.D. Tex. July 14, 2006).

Although FedEx claims that "[t]he traditional four-factor test for a preliminary injunction is typically used to analyze requests for stay pending appeal," that test does not apply here. (*See* Dkt. No. 185 at 5 (citing *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013)).) FedEx cites cases describing the standard that courts use to determine whether to stay proceedings to *enforce a judgment* pending appellate review—a power that arises from Fed. R. Civ. P. 62 (in the case of district courts) and Fed. R. App. P. 8 (in the case of appellate courts). *See, e.g. Nken v. Holder*, 556 U.S. 418, 421, 425-26 (2009) (considering standard applied to stay of order of removal of an alien from the United States); *Planned Parenthood*, 734 F.3d at 409-10 (considering whether to stay a district court's final judgment granting a permanent injunction against enforcement of two abortion laws); *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (describing standard for determining whether to stay proceedings to enforce a judgment pursuant to Fed. R. App. P. 8(a)); *Hayes v. City Univ. of New*

4

*York*, 503 F. Supp. 946, 962 (S.D.N.Y. 1980) (describing standard for stay pending appeal of district court's judgment pursuant to Fed. R. Civ. P. 62). FedEx has not cited a *single case* in which a court, in this district or outside of it, applied its proposed standard to a discretionary decision to stay proceedings—a power that arises from the Court's inherent power to manage its docket. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Murata Mach. USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016). Because FedEx cites no precedent for applying the preliminary injunction standard in deciding a motion to stay pending a mandamus petition, Intellectual Ventures applies the standard that courts in this District have previously applied in this context. *See, e.g.*, *Queens Univ.*, 2015 WL 10936048, at *2. Were the Court to apply FedEx's standard, however, the result would be the same: because FedEx has not even attempted to argue that it is "likely" to succeed on the merits (*see* Dkt. No. 185 at 6-8),[2] its analysis according to its four-factor standard essentially reduces to the question of whether the equities favor a stay. And, as described in detail below, the equities favor proceeding with this litigation while the Federal Circuit resolves FedEx's misguided mandamus petition.

## IV. ARGUMENT

### A. FedEx Did Not Show That a Stay Will Simplify the Issues in Question and Trial of the Case.

The Federal Circuit's decision on FedEx's mandamus petition is unlikely to simplify the issues in this case. FedEx's petition raises only the question of whether venue is proper in this District; it does not touch on the substance of the case or have the potential to reduce the scope of the controversy among the parties. Although FedEx has asked the Federal Circuit to dismiss

---

[2] Intellectual Ventures disagrees that FedEx is likely to succeed on the merits. *In re FedEx Corp.*, No. 18-117, Dkt. No. 17. Moreover, FedEx's petition does not even present the type of issues appropriate for mandamus review. *See, e.g.*, *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953) (holding writs of mandamus cannot be used as substitutes for appeals "*even though hardship may result from delay and perhaps unnecessary trial*") (emphasis added).

5

this case outright, 28 U.S.C. § 1406(a) provides that, "*if it be in the interest of justice*", the Court may instead "*transfer* [the] case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). On the remote chance Federal Circuit were to find that venue is improper in this District, it is unlikely that the case would ultimately be dismissed, rather than merely transferred, particularly given the posture of the case, which is now just five months from trial. FedEx therefore is incorrect to claim that a stay is likely to allow the parties to avoid the "expense of serving expert reports . . . and submitting dispositive motions." (Dkt. No. 185 at 2, 4 (claiming that expert reports may "drastically vary in scope depending on which of the defendants remain in the case upon further appellate review" and that certain "claims or parties . . . may be irrelevant after the Federal Circuit's decision"), 9 (same), 14 (same).)

Given the likelihood that this case will proceed—in one forum or another—the parties will need to complete expert discovery and dispositive motion briefing to precisely the same extent, regardless of the outcome of the mandamus petition. This fact weighs strongly against staying the case. *Singleton v. Volkswagen of Am., Inc.*, No. 2:06-cv-222, 2007 WL 1557104, at *1 (E.D. Tex. May 25, 2007) (denying stay pending mandamus petition because "any relevant information produced during discovery will be necessary to prepare this case for trial regardless of whether this case remains in this Court or is transferred"); *see also Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, 232 F. Supp. 3d 628, 631 (D. Del. 2017) (denying stay pending Supreme Court review to "enable the parties to complete the remaining discovery . . . and have this case ready for trial . . . regardless of the District in which the trial will be held").

Moreover, regardless of the Federal Circuit's decision on the pending mandamus petition, expert discovery will still be needed in this Court. Defendants' petition challenges the propriety of venue for only six of the seven defendants in this matter. *See In re FedEx Corp.*, No. 18-117,

6

Dkt. No. 2-1 at 1. Thus, regardless of the outcome of the mandamus petition, Intellectual Ventures' claims against FedEx Office still need to be resolved in this Court.

Given that all of the claims and parties currently involved in this case will remain involved (in litigation in this District or elsewhere) regardless of the Federal Circuit's decision on defendants' mandamus petition, a stay pending the resolution of that petition will not simplify the issues in question or trial of the case.

### B. The Stage of This Case Weighs Against FedEx's Motion to Stay.

#### 1. This Case Has Advanced Far Enough to Weigh Against a Stay.

The late stage of this case weighs against a stay, as this Court already recognized less than two months ago in denying FedEx's motion to stay the case pending IPR. (Dkt. No. 141 at 5.) This factor now weighs even more heavily against a stay.

Fact discovery in this case closed on December 6, 2017. (Dkt. No. 135 at 3.) Opening expert reports are due on December 19, 2017. (Dkt. No. 187.) Expert discovery is set to close less than six weeks later, on January 29, 2018. (Dkt. No. 135 at 3.) The trial is set for May 7, 2018. In similar circumstances, this Court has found that the progress of the case weighed against a stay. *See, e.g.*, *Lennon Image Techs., LLC v. Macy's Retail Holdings, Inc.*, No. 2:13-cv-00235, 2014 WL 4652117, at *3 (E.D. Tex. Sept. 18, 2014) (finding "the well-developed posture of [the] case weighs heavily against granting a stay" where expert discovery was under way, claim construction was complete, and trial was about six months away); *see also Personalweb Techs. LLC v. Int'l Bus. Machines Corp.*, No. 6:12-cv-00659, 2016 WL 7364672, at *3 (E.D. Tex. Jan. 28, 2016) (finding that case status weighed against stay where the deadline to substantially complete document production was one month away and trial was ten months away); *Luv N' Care, Ltd. v. Jackel Int'l Ltd.*, No. 2:14-cv-00855, 2015 WL 2352898, at *3 (E.D.

7

Tex. May 15, 2015) (finding that case stage weighed against stay where claim construction discovery was complete and a trial date was set).

FedEx argues that "in a similar context, this Court entered a stay pending Federal Circuit mandamus review" in *Raytheon Co. v. Cray, Inc.*, No. 2:15-cv-01554, Dkt. No. 315 (E.D. Tex. July 18, 2017). (Dkt. No. 185 at 2-3.) But the posture of the *Cray* case differed from this one in important ways. First, the mandamus petition in *Cray* centered on novel legal questions. *Cray* was the first time the Federal Circuit had addressed interpretation of 28 U.S.C. § 1400(b)'s "regular and established place of business" provision since its decision in *In re Cordis Corp.*, 769 F.2d 733 (Fed. Cir. 1985). As this Court discussed at length in its venue opinion in *Cray*, *Cordis* left open significant questions about application of the term to businesses operating in the modern era. *See Raytheon Co. v. Cray, Inc.*, 258 F. Supp. 3d 781, 794-799 (E.D. Tex June 29, 2017), *mandamus granted, order vacated sub nom. In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017). Here, although FedEx argues at a high level that its mandamus petition involves "serious legal questions" of "uncertain character" (*see* Dkt. No. 185 at 7-8), its petition merely second-guesses this Court's application of the Federal Circuit's recent decisions in *In re Cray*, 871 F.3d at 1363-64 and *In re Micron Tech., Inc.*, 875 F.3d 1091, 1101-02 (Fed. Cir. 2017) (describing district court's discretion to find that a party has forfeited its venue objection after *TC Heartland*). This case simply does not present the same kind of unexplored legal issues as *Cray* did.[3] Indeed, district courts have applied the law of waiver to § 1406 motions to dismiss for

---

[3] FedEx suggests that the Federal Circuit's institution of a short briefing schedule on this petition is somehow indicative of the importance or uncertainty of the issues in this case. (*See* Dkt. No. 185 at 1 (claiming that "[t]he Federal Circuit has seized upon this matter").) In fact, however, the Federal Circuit typically sets short briefing schedules of about one week for the Response and three days for the Reply, irrespective of the petition's ultimate outcome. *See, e.g.*, *In re Micron Tech., Inc.*, No. 17-138, Dkt. No. 3 (Fed. Cir. Sept. 14, 2017); *In re Deca Int'l Corp.*, No. 17-136, Dkt. No. 4 (Fed. Cir. Aug. 28, 2017); *In re Cutsforth, Inc.*, No. 17-135, Dkt. No. 7 (Fed.

decades. *In re FedEx Corp.*, Dkt. No. 17, at 14-19; *see also Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168 (1939); Fed. R. Civ. P. 1.

In light of the uncertainty surrounding the merits of the case, the schedule in *Cray* also strongly favored a stay. At the time the mandamus petition was filed, the trial in *Cray* was just seven weeks away and the outstanding work related primarily to preparation for trial in this District. *See Raytheon Co. v. Cray, Inc.*, No. 2:15-cv-01554, Dkt. Nos. 305, 308. Had the Court declined to grant a stay in *Cray*, the case may have proceeded to trial in a court in which venue was ultimately deemed improper. Likewise, the parties and Court risked wasting considerable resources on pretrial work that would need to be re-evaluated upon transfer. As is discussed further below, there is no danger of such an outcome in this case.

### 2. The Federal Circuit Will Likely Resolve Defendants' Mandamus Petition Well Before Trial.

Although this case is well under way, it has not progressed so far that a stay is necessary to ensure the Federal Circuit can address FedEx's mandamus petition before this Court enters judgment in this case. Trial is set to begin on May 7, 2018—six months from now. (Dkt. No. 135 at 1) The Federal Circuit typically resolves mandamus petitions in about two months. For example, the fully-briefed venue-related mandamus petitions filed at the Federal Circuit during the first nine months of 2017 were resolved within 62 days on average[4]:

| *Matter* | *Date Filed* | *Date Resolved* | *Days Elapsed* |
|---|---|---|---|
| *In re Micron Tech., Inc.*, 17-138 | Sept. 13, 2017 | Nov. 15, 2017 | 63 days |
| *In re Deca Int'l Corp.*, 17-136 | Aug. 28, 2017 | Nov. 15, 2017 | 79 days |

---

Cir. Aug. 22, 2017); *In re HTC Am., Inc.*, No. 17-133, Dkt. No. 8 (Fed. Cir. Aug. 14, 2017); *In re Asustek Comput., Inc.*, No. 17-131, Dkt. No. 9 (Fed. Cir. Aug. 4, 2017); *In re Cray Inc.*, No. 17-129, Dkt. No. 7 (Fed. Cir. July 18, 2017); *In re Nintendo of Am. Inc.*, No. 17-127, Dkt. No. 4 (Fed. Cir. July 11, 2017); *In re Techtronic Indus. N. Am.*, No. 17-125, Dkt. No. 3 (Fed. Cir. July 3, 2017); *In re Aurobindo Pharma Ltd.*, No. 17-115, Dkt. No. 10 (Fed. Cir. Mar. 7, 2017).
[4] This list of cases was obtained by searching the Federal Circuit PACER case locator by case type, specifying "Mandamus (Civil)."

| | | | |
|---|---|---|---|
| *In re Cutsforth,, Inc.*, 17-135 | Aug. 21, 2017 | Nov. 15, 2017 | 86 days |
| *In re HTC Am., Inc.*, 17-133 | Aug. 14, 2017 | Oct. 26, 2017 | 73 days |
| *In re Acer, Inc.,* 17-132; *In re Asustek Comput., Inc.*, 17-131 | Aug. 3, 2017 | Nov. 15, 2017 | 104 days |
| *In re Cray Inc.*, 17-129 | July 17, 2017 | Sept. 21, 2017 | 66 days |
| *In re Nintendo of Am. Inc.*, 17-127 | July 10, 2017 | July 26, 2017 | 16 days |
| *In re Techtronic Indus. N. Am.*, 17-125 | July 3, 2017 | July 25, 2017 | 22 days |
| *In re Aurobindo Pharma Ltd.*, 17-115 | Mar. 3, 2017 | Apr. 20, 2017 | 48 days |

Indeed, assuming the Federal Circuit resolves FedEx's petition within an average period of time, the venue issue will be decided by early February 2018—before the completion of briefing on dispositive motions under the current schedule and well before trial in May 2018. Thus, although FedEx claims that "as each day passes" it suffers "irreparable harm" by virtue of "continued litigation in an improper forum" (and notwithstanding the fact that FedEx itself created weeks of unnecessary delay), the reality is that this Court could easily defer a case-dispositive decision until resolution of the mandamus petition, without staying the case or otherwise modifying the current schedule, even assuming a somewhat longer-than-average time to resolution. (*See* Dkt. No. 185 at 8.) Given that the parties will need to prepare expert reports and dispositive motions regardless of the forum in which this case is ultimately tried, FedEx will suffer no prejudice by proceeding through that process while its petition is pending.

### C. Staying the Case Would Unduly Prejudice Intellectual Ventures and Give FedEx an Unfair Tactical Advantage.

#### 1. A Stay Would Prejudice Intellectual Ventures.

FedEx claims that staying the case will not prejudice Intellectual Ventures and even will conserve its resources. (Dkt. No. 185 at 14.) FedEx is incorrect. As explained above, a stay will not reduce the need for discovery in this matter, and may increase costs as plans for trial need to be adjusted. As this Court has recognized, "[f]irm trial settings resolve cases and reduce litigation costs." *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-00799, 2014 WL

10

4477393, at *3 (E.D. Tex. July 25, 2014). Allowing this case to proceed while the Federal Circuit resolves the mandamus petition will lead to the fastest and most efficient resolution of the parties' disputes—regardless of the forum in which the case is ultimately tried.

FedEx acknowledges in its motion that staying this case will require the Court to reschedule the trial. (Dkt. No. 185 at 1.) Ignoring the costs and inconveniences attendant to such a change, FedEx claims that moving the trial date would not prejudice Intellectual Ventures because Intellectual Ventures does not practice the asserted patents and could be made whole through money damages. (Dkt. No. 185 at 9.) But the Court already rejected this argument in denying FedEx's prior stay motion. (Dkt. No. 141 at 4.) Indeed, "[a]s this Court has recognized, a plaintiff has a right to timely enforcement of its patent rights," even if the plaintiff does not practice the asserted patents, and even if the plaintiff *could* be made whole by money damages. *St. Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:18-cv-00349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017); *see also Williams v. Toyota Motor Corp.*, No. 2-07-cv-442, 2008 WL 5273528, at *1 (E.D. Tex. Dec. 19, 2008) ("Delaying trial for an unspecified duration of time would indeed cause harm to the plaintiffs."). Prejudice to the plaintiff's timely enforcement of its patent rights is sufficient to weigh against a stay. *Id.*

FedEx's further allegation that Intellectual Ventures will not suffer prejudice because Intellectual Ventures "acquired the asserted patent families between 2008 and 2011, yet waited until August 31, 2016 to file suit against FedEx" is misleading at best. (Dkt. No. 185 at 10.) The '581 patent did not issue until July 2013, and the '586 patent did not issue until June 2015. Moreover, according to FedEx's interrogatory responses, some of the infringing acts began only recently. For example, the '581 patent's claims involve (in part) determining a geographic location of a handheld device. FedEx Ground claims it did not begin using GPS functionality on

11

its handheld devices until the last quarter of 2014, and FedEx Express claims it did not begin using GPS functionality on its handheld devices until the last quarter of 2015. (Dkt. No. 112-12 at 12-13.) Intellectual Ventures timely asserted its patents.

### 2.       A Stay Would Give FedEx an Unfair Tactical Advantage.

A stay is particularly inappropriate in this case because it would result in an unfair tactical advantage to FedEx. As the Court described in its Memorandum Opinion holding that FedEx waived its venue objection, FedEx was not diligent in lodging its objection to venue in this case. In the nine months after this case was filed, FedEx gave no hint that it objected to venue. Beyond participating in discovery and claim construction without objection, FedEx even filed a motion to transfer under 28 U.S.C. § 1404 without once mentioning that FedEx also believed venue was improper, despite clearly admitting knowledge of the *TC Heartland* certiorari petition. (*See* Dkt. No. 161 at 7; Dkt. 32, ¶ 16.) Indeed, FedEx even continued to actively litigate this case for two months after the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods, Inc.*, 127 S. Ct. 1514 (2017), without providing any indication to Intellectual Ventures or this Court that it objected to venue. (*See* Dkt. No. 161 at 6.) Ultimately, FedEx did not file its motion to dismiss until days after its first round IPR petitions were largely denied at the PTAB. (*Id*. at 6.)

Rather than objecting to venue in a timely manner, FedEx opted to wait until it had exhausted all other expedient approaches to avoiding trial in this District. As the Federal Circuit recently noted, and as this Court recognized, such a "tactical wait-and-see" approach presents an "obvious starting point for a claim of forfeiture." (Dkt. 161 at 6); *In re Micron*, 875 F.3d at 1102. Had FedEx raised its venue objection at a reasonable time, the Court might have been able to grant a stay without moving the trial in this case or otherwise causing prejudice to Intellectual Ventures. FedEx should not benefit from its dilatory tactics at the expense of securing a just and

speedy resolution of Intellectual Ventures' claims. For this additional reason, FedEx's motion to stay should be denied.

## V.     CONCLUSION

For the foregoing reasons, Intellectual Ventures respectfully requests that the Court deny FedEx's motion to stay.

Dated:  December 14, 2017

Respectfully submitted,

By: /s/ William E. Davis, III
William E. Davis, III
Edward Chin
**THE DAVIS FIRM P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@davisfirm.com
echin@bdavisfirm.com

Alan S. Kellman (*pro hac vice*)
Lauren M. Nowierski
Adam Steinmetz (*pro hac vice*)
Kyle G. Petrie (*pro hac vice*)
Kevin K. McNish (*pro hac vice*)
Michael Wueste (*pro hac vice*)
Jordan Malz (*pro hac vice*)
Timothy Li (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Tel)
(212) 351-3401 (Fax)
akellman@desmaraisllp.com
lnowierski@desmaraisllp.com
asteinmetz@desmaraisllp.com
kpetrie@desmaraisllp.com
kmcnish@desmaraisllp.com
mwueste@desmaraisllp.com
jmalz@desmaraisllp.com
tli@desmaraisllp.com

*Counsel for Plaintiff*
*Intellectual Ventures II LLC*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 14th day of December 2017.

/s/ William E. Davis, III
William E. Davis, III