IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:16-CV-00980-JRG |
| FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX FREIGHT, INC., FEDEX CUSTOM CRITICAL, INC., FEDEX OFFICE AND PRINT SERVICES, INC., GENCO DISTRIBUTION SYSTEM, INC., | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion for Entry of a Model Order Focusing Patent Claims and Prior Art to Reduce Costs, and Temporary Stay of Proceedings Pending Plaintiff's Election of Claims (Dkt. No. 162) ("the Motion"). Having considered the same, the Court finds that said Motion should be and hereby is **DENIED WITHOUT PREJUDICE**.

**I.   Background**

Plaintiff filed this case on August 31, 2016, alleging patent infringement against FedEx Corporation ("FedEx Corp."), Federal Express Corporation ("FedEx Express"), FedEx Ground Package System, Inc. ("FedEx Ground"), FedEx Freight, Inc. ("FedEx Freight"), FedEx Custom Critical, Inc. ("FedEx Custom Critical"), FedEx Office and Print Services, Inc. ("FedEx Office"), and GENCO Distribution System, Inc. ("FedEx Supply Chain") (collectively, "FedEx" or "Defendants"). (Dkt. No. 1.) The allegations in this case now span five patents, numerous claims, and at least two-dozen products. (Dkt. Nos. 165; 142.)

On November 28, 2017, Defendants filed the instant Motion seeking to have the Court enter a Model Order Focusing Patent Claims and Prior Art to Reduce Costs ("the Model Order") and then to stay the case for at least thirty days so that the Parties can comply with the Model Order. (Dkt. No. 162 at 1.)

**II.  Legal Standard**

"District courts have inherent power to manage their own docket." *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1321 (Fed. Cir. 2016).[1]  This includes the power to adopt rules, such as case management orders, to facilitate the "just, speedy, and inexpensive disposition" of cases. *Id.*

**III.  Discussion**

Defendants argue that this case is "precisely the type of cumbersome lawsuit the Model Order was intended to corral" and thus entry of the Model Order, along with a stay to comply with the Model Order, is necessary. (Dkt. No. 162 at 4.)  Plaintiff responds that it intends to limit its asserted claims in this case after it can evaluate the Asserted Patents in light of the Court's recent Claim Construction Order and the Parties' expert reports, and thus entry of the Model Order is unnecessary and Defendants' objection is premature. (Dkt. No. 169 at 2.)

Defendants maintain that Plaintiff has either defied or taken positions that conflict with the Model Order. (Dkt. No. 162 at 1, 4.)  However, the Court has not entered the Model Order, nor does it traditionally enter such an order at this stage of a case.  In fact, the Model Order itself contemplates being submitted "by the deadline for submission of proposed docket control or discovery orders, but in no event later than the deadline for service of initial disclosures." Model

---

[1] Although this inherent power is not unique to patent law, the validity and interpretation of rules or procedures touching on substantive issues of patent law are reviewed under Federal Circuit law. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364–65 (Fed. Cir. 2006).

Order at 1 n.1. Moreover, Defendants have not pointed to a single case in which this Court, or any other, entered the Model Order under similar circumstances. Instead, Defendants rely on Judge Bryson's discussion of the Model Order in *Allergan, Inc. v. Teva Pharms. USA*, No. 2:15-cv-1455, Dkt. 265 (E.D. Tex. Jan. 26, 2017), a case that is entirely distinguishable from the present one. In *Allergan*, there were many more claims at issue (126) and the Parties had already essentially agreed to a schedule for reducing the claims at issue. *Allergan*, No. 2:15-cv-1455, Dkt. 265 at 2–3.

While the Model Order may, in appropriate circumstances, provide useful guideposts at the outset of litigation in reducing claims as a case develops, at this point the Court finds that it is not the best vehicle to narrow the claims to be presented at trial. The Court has construed the Asserted Patents (Dkt. No. 165) and fact discovery is essentially closed (Dkt. No. 135). Both of these events will only accelerate the natural narrowing of claims that occurs at this stage of the trial process. *See, e.g.,* (Dkt. No. 169 ("[I]t appears that a handful of claims can be dropped in light of the Court's claim constructions along with (still) ongoing discovery . . . .").)

### IV.    Conclusion

For the reasons set forth herein, Defendants' Motion is **DENIED WITHOUT PREJUDICE**. However, the Court **ORDERS** the Parties to immediately meet and confer in a serious and good faith effort to narrow the number of asserted claims and prior art references. The Parties shall continue to meet and confer on an on-going basis for this purpose through the close of expert discovery. At such time, if the Parties believe that an appropriate narrowing of the asserted claims and prior art references has not occurred, then the Parties may seek appropriate relief from the Court. The Court often sees, in this type scenario, that judicial restraint forces a greater degree of interaction between the Parties, and the result of their own efforts to narrow the case produces a

better result than the Court's direct insertion into the process might yield. Therefore, the Court intends to insist that the Parties follow the above path, until it feels forced to directly intervene.

**So ORDERED and SIGNED this 22nd day of December, 2017.**

                                     *[signature]*
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE