# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 2:16-CV-00980-JRG |
| FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX FREIGHT, INC., FEDEX CUSTOM CRITICAL, INC., FEDEX OFFICE AND PRINT SERVICES, INC., GENCO DISTRIBUTION SYSTEM, INC., | | |
| Defendants. | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Urgent Motion to Stay All Deadlines Pending Appeal (Dkt. No. 185) ("the Motion"). Having considered the same, and for the reasons set forth herein, the Court finds that said Motion should be and hereby is **DENIED**.

### I. **Background**

Plaintiff filed this case on August 31, 2016, alleging patent infringement against FedEx Corporation ("FedEx Corp."), Federal Express Corporation ("FedEx Express"), FedEx Ground Package System, Inc. ("FedEx Ground"), FedEx Freight, Inc. ("FedEx Freight"), FedEx Custom Critical, Inc. ("FedEx Custom Critical"), FedEx Office and Print Services, Inc. ("FedEx Office"), and GENCO Distribution System, Inc. ("FedEx Supply Chain") (collectively, "FedEx" or "Defendants"). (Dkt. No. 1.)

On July 27, 2017, Defendants filed a Motion to Dismiss under 28 U.S.C. § 1406. (Dkt. No. 84.) The Court denied that motion on November 22, 2017, primarily based on the fact that

the FedEx Defendants actively litigated this case, before and after *TC Heartland* was decided, thus waiving their right to object to venue. (Dkt. No. 161.) On December 5, 2017, Defendants filed a petition for a writ of mandamus from the Federal Circuit seeking dismissal of several of the Defendants in this case. (Dkt. No. 170.)

On December 11, 2017, Defendants filed the instant Motion, styled as "Urgent," to stay this case pending the Federal Circuit's review of Defendants' mandamus petition. (Dkt. No. 185.) Given the circumstances of this case, the Court ordered expedited briefing on this Motion (Dkt. No. 186), set a hearing for December 19, 2017 (Dkt. No. 187), and suspended certain deadlines in the case until such hearing. (*Id.*)

On December 19, 2017, the Court held a hearing on the instant Motion and denied Defendants' request for a stay, with an indication that a fuller written opinion would soon follow. (Dkt. No. 197.)

**II.      Legal Standard**

District courts possess an inherent power to manage their own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also In re Int'l Med. Prosthetics Research Assocs., Inc.*, 739 F.2d 618, 621 (Fed. Cir. 1984) ("Absent some overwhelming legal requirement or showing of manifest injustice, this court will not intervene in a district court's management of its calendar or scheduling of events in a matter before that court."). However, stays are not awarded as a matter of right. *Nken v. Holder*, 556 U.S. 418, 427 (2009). Indeed, the Supreme Court has recognized that stays are "an intrusion into the ordinary processes of administration and judicial review." *Id.* (internal quotation marks omitted). This is particularly true when a stay is sought in the midst of an ongoing case being prepared for trial. *See, e.g., In re*

*Franklin Sports Indus., Inc.*, 937 F.2d 622 (Fed. Cir. 1991) (unpublished) (describing mandamus as an "extraordinary intrusion . . . into the trial management process").

As Defendants point out in their briefing, courts traditionally look to four factors in determining whether a stay is appropriate when an order is subject to a pending appeal, including: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 434.[1]

### III. Discussion

#### 1. Whether Defendants Have Shown a Strong Likelihood of Success on the Merits

Defendants argue that where a losing party seeks a stay pending the review of an order issued by the same court contemplating the stay pending appeal, the "strong showing" of success factor is relaxed. (Dkt. No. 196 at 6 ("[W]hen a stay pending appeal is sought by a *losing* party on an issue decided the other way by a district judge . . ., the 'likelihood of success' prong when seeking a stay pending appeal is slightly modified . . . .").) However, the cases upon which Defendants rely do not stand for this proposition. Instead, the relaxed "substantial case on the merits" standard applies where the remaining factors "militate" in favor of a stay. *See Hilton v. Braunskill*, 481 U.S. 770, 778 (1987). This is the same approach the Federal Circuit took in *Standard Havens Products., Inc. v. Gencor Industries, Inc.*, 897 F.2d 511 (Fed. Cir. 1990), upon

---

[1] Defendants have not cited any circuit authority, binding or otherwise, in which the standard articulated in *Nken* was applied in the context of a mandamus petition as opposed to a traditional appeal. (Dkt. No. 196 at 3 n.3 (collecting district court cases applying this standard in similar contexts)). In fact, the Fifth Circuit has simply explained that a stay pending a mandamus petition "may be granted in the court's discretion." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995). Nevertheless, at least in this case, the Court finds the *Nken* factors to be helpful guideposts in assessing whether a stay is appropriate here. *Cf. In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) ("[A] mandamus petition . . . may be considered a type of appeal."); *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 807588, at *1 (E.D. Tex. Feb. 27, 2014) (applying the *Nken* factors in the context of a motion to stay pending an interlocutory appeal).

which Defendants rely, in observing that, with respect to the first factor, a stay is appropriate "where [the] movant establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, *provided* the other factors militate in movant's favor." 897 F.2d at 513 (internal quotation marks and brackets omitted). The other cases cited in Defendants' papers applied a similar standard. *See In re Deepwater Horizon*, 732 F.3d 326, 345 (5th Cir. 2013) ("[W]here there is a serious legal question involved and the balance of the equities heavily favors a stay . . . the movant only needs to present a substantial case on the merits."); *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977) ("[A] court, when confronted with a case in which the other three factors strongly favor interim relief may exercise its discretion to grant a stay if the movant has made a substantial case on the merits."); *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co.*, 526 F.2d 86, 88 (9th Cir. 1975) ("If the harm that may occur to the plaintiff is sufficiently serious, it is only necessary that there be a fair chance of success on the merits."); *Sweeney v. Bond*, 519 F. Supp. 124, 132 (E.D. Mo. 1981) ("The District of Columbia, the Second and the Ninth Circuits have adopted the approach that an injunction pending appeal is appropriate where serious legal questions are presented and the balance of hardships tips sharply toward the moving party."), *aff'd,* 669 F.2d 542 (8th Cir. 1982). These cases do not suggest that the standard articulated in *Nken* relaxes merely because the losing party is the one seeking a stay. Indeed, such an exception to the "strong showing" requirement would swallow the rule because the losing party is generally the one seeking to stay an order pending its appeal of that decision.

Having considered the Parties' arguments, the Court concludes that Defendants have not made a "strong showing" that they are likely to prevail on the merits of their petition. As the Court explained in its original decision, several of the Defendants in this case actually operate numerous

4

physical retail locations in this District from which they are alleged to have infringed the Asserted Patents. (Dkt. No. 161 at 13–17) Defendants made no effort to dispute this in the instant Motion. Instead, Defendants insist that their petition at least raises novel legal questions and thus a stay is necessary. (Dkt. No. 185 at 7–8.) Even applying that standard, Defendants' arguments fail. While there is uncertainty in patent venue law, the Federal Circuit has addressed the proper standard for interpreting § 1400(b), *In re Cray Inc.*, 871 F.3d 1355 (Fed. Cir. 2017), and for applying non-rule waiver, *In re Micron Tech., Inc.*, 875 F.3d 1091 (Fed. Cir. 2017). In particular, *Micron*, the primary basis for the Court's underlying decision on Defendants' Motion to Dismiss, pointed to a long line of cases exploring the contours of non-rule waiver. *Micron*, 875 F.3d at 1101 (collecting cases); *see generally, e.g., Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-CV-00190, 2017 WL 2957882 (E.D. Tex. July 11, 2017); *Infogation Corp. v. HTC Corp.*, No. 16-CV-01902, 2017 WL 2869717 (S.D. Cal. July 5, 2017); *Amax, Inc. v. ACCO Brands Corp.*, No. 16-10695, 2017 WL 2818986 (D. Mass. June 29, 2017). *Micron* and *Cray* may still leave unanswered questions in patent venue law, but resolving all of these questions will take months or even years. In the meantime, unless instructed otherwise, the Court will not stay every case while it awaits a perfect refinement of the standards articulated in *Cray* and *Micron*.

Accordingly, the Court concludes that Defendants have failed to make a "strong showing" of a likelihood of success on the merits. Defendants have also failed to demonstrate that their pending mandamus petition raises the sort of novel legal questions that might demand an immediate stay. *See Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 413 (D. Del. 2010) ("[T]hese issues do not so much represent novel legal questions as they do disagreements with the determinations the Court made . . . .").

## 2. **Whether Defendants Will Be Irreparably Harmed Absent a Stay**

Defendants argue that they would be irreparably harmed because absent a stay they will be forced to litigate in an improper forum, the exact situation that Congress attempted to prevent in providing for a special venue statute in patent law. (Dkt. No. 185 at 8 ("The intended benefits conferred by § 1400(b) on Defendants are irretrievably lost as each day passes.").)

Plaintiff responds that Defendants overstate their potential injury because the Federal Circuit is likely to resolve this case in a few months, well before the scheduled trial in this case (May 7, 2018) or even the pretrial conference (April 9, 2018). (Dkt. Nos. 135, 194 at 9–10.) During the time it takes the Federal Circuit to resolve Defendants' petition, Plaintiff argues, the Parties will simply engage in expert discovery and the drafting of dispositive motions, which will occur even if this case is ultimately transferred to a proper venue. (Dkt. No. 194 at 9–10.) Finally, Plaintiff contends that to the extent Defendants are being forced to litigate in this forum it is the result of their own delay in waiting to object to venue. (Dkt. No. 194 at 9–10.)

The Court agrees with Plaintiff. Defendants have not identified any irreparable harm in continuing to prepare this case for trial, particularly in light of the fact that Defendants themselves waited months after *TC Heartland* to object to venue. Indeed, even if Defendants prevail on their mandamus petition, the likely outcome is transfer of this case to another forum for trial. *See Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, 232 F. Supp. 3d 628, 631 (D. Del. 2017) ("Denying the stay will enable the parties to complete the remaining discovery . . . and have this case ready for trial . . . regardless of the District in which the trial will be held."). At most, Defendants argue, without citation, that being denied the benefits[2] conferred by § 1400(b) is itself an irreparable

---

[2] While Defendants at times make reference to "benefits" conferred by § 1400(b), *see, e.g.,* (Dkt. No. 185 at 8 ("The intended benefits conferred by § 1400(b) on Defendants are irretrievably lost as each day passes.")), Defendants do not explain what these benefits are or why they are not compensable by money damages. Thus, Defendants have failed to demonstrate that the loss of these undefined benefits constitutes an irreparable injury. *See Wildmon v. Berwick*

6

harm. (Dkt. No. 185 at 8 ("[W]here Congress has gone to such lengths to protect the Defendants in patent cases, continued litigation in an improper forum is the irreparable harm.").) The Court disagrees.

### 3. Whether a Stay Will Substantially Injure Plaintiff

Plaintiff argues that it will be prejudiced by a stay because "[a]llowing this case to proceed while the Federal Circuit resolves the mandamus petition will lead to the fastest and most efficient resolution of the parties' disputes—regardless of the forum in which the case is ultimately tried." (Dkt. No. 194 at 10–11.)

Defendants respond that any injury to Intellectual Ventures caused by a stay can be compensated by money damages and thus is minimal. (Dkt. No. 185 at 9.) Defendants further argue that Intellectual Ventures' own delay in filing this lawsuit also weighs against a finding that an additional delay will be injurious.

With respect to Defendants' first argument, this Court has repeatedly recognized that "a plaintiff has a right to timely enforcement of its patent rights, even if the plaintiff does not practice the asserted patents, and even if the plaintiff could be made whole by money damages." *St. Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:18-cv-00349, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017); (Dkt. No. 141 at 4 (citing *St. Lawrence*)). Disrupting the trial schedule in this case

---

*Universal Pictures*, 983 F.2d 21, 24 (5th Cir. 1992) ("By definition, 'irreparable injury' is that for which compensatory damages are unsuitable . . . ."). To the extent Defendants complain that trying a case to a jury in an improper venue is itself an irreparable injury, which Defendants did not argue, that harm is purely speculative at this point because trial is many months away, which renders Defendants' reliance on *Raytheon* misplaced. If trial approaches without guidance from the Federal Circuit in the meantime, which the Court does not expect to happen, then Defendants may move for reconsideration. *See eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, 881 F. Supp. 2d 745, 748–750 (E.D. Tex. 2012) (Bryson, J.) (describing the appropriate circumstances for filing a motion for reconsideration, including where new circumstances or facts justify reconsideration of a previous order); *In re Sea Ray Boats, Inc.*, 695 F. App'x 543, 545 (Fed. Cir. 2017) (unpublished) (Newman, J., dissenting) ("[I]t is at trial that the purposes and policy of proper venue become dominant.")

7

with a stay would impair that right, potentially requiring a new trial date amidst the Court's already busy calendar.

As to Defendants' second argument, the Court does not find it persuasive here. (Dkt. No. 194 at 11 ("The '581 patent did not issue until July 2013, and the '586 patent did not issue until June 2015. Moreover, according to FedEx's interrogatory responses, some of the infringing acts began only recently.").)

### 4. **Public Interest**

Defendants argue that there is a public interest in the "efficient allocation of judicial resources" that "favors staying district court proceedings where, as here, a difficult question is presented on appeal, and the district court's order could be overturned." (Dkt. No. 185 at 11.)

However, as explained above, even if this Court's decision is ultimately overturned it is unlikely that this case will be dismissed. *See generally* 28 U.S.C. § 1406(a). Even if Defendants prevail, the work done in preparing this case for trial can be translated directly into a new forum where the case can be tried before a jury. *Id.* Thus, judicial economy does not compel a stay. *See In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. CV H-14-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017) ("[T]he Court finds that a stay will not further judicial economy because, as noted above, most of the discovery will need to be conducted even if the Rule 23(f) appeal is successful."). In fact, allowing this case to continue promotes the public interest in the "speedy resolution of disputes." *Id.* ("Defendants argue that a stay will serve the public interest because it will promote judicial economy. The public interest, however, also favors speedy resolution of disputes."); *Invensys Sys., Inc. v. Emerson Elec. Co.*, No. 6:12-cv-00799, 2014 WL 4477393, at *3 (E.D. Tex. July 25, 2014) ("Firm trial settings resolve cases and reduce litigation costs.").

Additionally, Defendants have failed to demonstrate that a denial of a stay would impede, or even affect, the Federal Circuit's deliberation on its mandamus petition. *VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 807588, at *4 (E.D. Tex. Feb. 27, 2014) (discussing this concern under the public interest factor with respect to an interlocutory appeal).

IV. **Conclusion**

Ultimately, taking the considerations outlined in *Nken* together and considering the facts and circumstances of this case, the Court concludes that a stay is not appropriate. Accordingly, Defendants' Motion (Dkt. No. 185) is **DENIED**.

**So ORDERED and SIGNED this 22nd day of December, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE