IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

INTELLECTUAL VENTURES II LLC,

    Plaintiff,

    v.

FEDEX CORP., FEDERAL EXPRESS
CORP., FEDEX GROUND PACKAGE
SYSTEM, INC., FEDEX FREIGHT,
INC., FEDEX CUSTOM CRITICAL
INC., FEDEX OFFICE AND PRINT
SERVICES, INC., and GENCO
DISTRIBUTION SYSTEM, INC.,

    Defendants.

Civil Action No.  2:16-cv-00980-JRG

JURY TRIAL DEMANDED

PUBLIC-REDACTED VERSION
OF UNDER SEAL FILING

**PLAINTIFF INTELLECTUAL VENTURES II LLC'S MOTIONS *IN LIMINE***

# TABLE OF CONTENTS

**Page**

I.  MOTION *IN LIMINE* NO. 1: EVIDENCE AND ARGUMENT ON UNDISCLOSED, PURPORTED COSTS OF ALLEGED NON-INFRINGING ALTERNATIVES ........................................................................... 1

II.  MOTION *IN LIMINE* NO. 2: EVIDENCE AND ARGUMENT ON PURPORTED AVAILABILITY AND ACCEPTABILITY OF ALLEGED NON-INFRINGING ALTERNATIVES ........................................................ 2

III.  MOTION *IN LIMINE* NO. 3: EVIDENCE AND ARGUMENT ON UNDISCLOSED THEORIES FIRST IDENTIFIED IN SUPPLEMENTAL EXPERT REPORTS ....................................................................... 3

IV.  MOTION *IN LIMINE* NO. 4: IV'S ESTIMATE OF FEDEX'S SALES FROM THE ACCUSED '586 PLATFORMS, INCLUDING IV'S DAMAGES EXPERT'S USE OF ████████████████████ ............. 4

V.  MOTION *IN LIMINE* NO. 5: UNTIMELY AND NON-ASSERTED PRIOR ART ......... 5

VI.  MOTION *IN LIMINE* NO. 6: EXCLUDED TESTIMONY ON ███████ ████████████████ ..................................................... 5

VII.  MOTION *IN LIMINE* NO. 7: UNDISCLOSED EVIDENCE ON CREATION OF *ANSI* AND *MULTICODE* REFERENCES ....................................... 6

VIII.  MOTION *IN LIMINE* NO. 8: ALLEGING NON-INFRINGEMENT BASED ON ██████████████████████████ ............................ 6

IX.  MOTION *IN LIMINE* NO. 9: UNTIMELY DISCLOSED SOURCE CODE ................... 7

X.  MOTION *IN LIMINE* NO. 10: UNTIMELY CLAIM CONSTRUCTION ARGUMENTS AND ARGUMENTS THAT CONFLICT WITH OR ARE OUTSIDE OF THE COURT'S CLAIM CONSTRUCTION ............................................ 8

XI.  MOTION *IN LIMINE* NO. 11A: THE ████████████ DEVICE ........................ 9

XII.  MOTION *IN LIMINE* NO. 11B: DEVICES THAT FEDEX DID NOT MAKE AVAILABLE FOR INSPECTION DURING DISCOVERY ......................................... 10

XIII.  MOTION *IN LIMINE* NO. 11C: THE UNAVAILABLE ████████ ██████ ................................................................... 10

XIV.  MOTION *IN LIMINE* NO. 12: COMPARISON OF THE ACCUSED INSTRUMENTALITIES TO ANY COMMERCIAL EMBODIMENTS OR PROTOTYPES OF THE ASSERTED PATENTS OR TO ANY PRIOR ART. ............. 10

age(s)

XV.     MOTION *IN LIMINE* NO. 13: ████████████ COMMUNICATIONS ........... 11

XVI.    MOTION *IN LIMINE* NO. 14: ████████████████████ BETWEEN IV
        AND THIRD PARTIES ................................................................................ 11

XVII.   MOTION *IN LIMINE* NO. 15: IV'S ████████████████████
        ████████████ OF IV'S PATENTS, INCLUDING THE PATENTS-IN-
        SUIT ............................................................................................................... 12

XVIII. MOTION *IN LIMINE* NO. 16: FEDEX'S ATTEMPT TO AFFIRMATIVELY
        DESIGNATE THE DEPOSITION TESTIMONY OF ITS OWN WITNESSES ........... 12

XIX.    MOTION *IN LIMINE* NO. 17: "PATENT TROLL" AND IV'S BUSINESS
        MODEL ............................................................................................................ 13

XX.     MOTION *IN LIMINE* NO. 18: PERSONAL WEALTH OF IV PRINCIPALS,
        EMPLOYEES, AND INVESTORS ................................................................... 13

XXI.    MOTION *IN LIMINE* NO. 19: PREVIOUSLY ASSERTED PATENT CLAIMS .......... 13

XXII.   MOTION *IN LIMINE* NO. 20: POST-ISSUANCE USPTO PROCEEDINGS ............... 14

XXIII. MOTION *IN LIMINE* NO. 21: UNRELATED LAWSUITS ........................................... 14

XXIV.  MOTION *IN LIMINE* NO. 22: MOTIONS AND ORDERS TO STRIKE,
        EXCLUDE, AND PRECLUDE IN UNRELATED LAWSUITS ................................... 15

XXV.   MOTION *IN LIMINE* NO. 23: CHALLENGES TO INVENTORSHIP ........................ 15

XXVI.  MOTION *IN LIMINE* NO. 24: ABSENCE OF INVENTORS ....................................... 15

XXVII. MOTION *IN LIMINE* NO. 25: REFERENCE TO CHARITABLE ENDEAVORS ....... 15

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) (*en banc*) ............................................................. 7

*Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*,
   No. 13-cv-01798, 2015 WL 2168840 (D. Md. May 7, 2015) ................................ 15

*ContentGuard Holdings, Inc. v. Amazon.com, Inc.*,
   No. 2:13-cv-01112, 2015 WL 12915561 (E.D. Tex. Aug. 3, 2015)......................... 14

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
   575 F. 3d 1312 (Fed. Cir. 2009) ............................................................................ 9

*Jauch v. Corley*,
   830 F.2d 47 (5th Cir. 1987) .................................................................................. 12

*Keys v. Lloyds*,
   No. 2:14-cv-00643, 2015 WL 11027034 (E.D. Tex. Oct. 20, 2015)....................... 15

*Kinetic Concepts, Inc. v. Bluesky Medical Corp.*,
   No. 5:08-cv-00102, Dkt. 405 (W.D. Tex. Jan. 29, 2010) ...................................... 13

*Lam, Inc. v. Johns-Manville Cor*p.,
   718 F.2d 1056 (Fed. Cir. 1983) .............................................................................. 5

*Mobile Telecomm. Techs., LLC v. ZTE (USA) Inc.*,
   No. 2:13-cv-00946, 2016 WL 8260584 (E.D. Tex. July 21, 2016) ........................ 14

*Mobile Telecomms. Techs., LLC v. LG Elecs. Mobilecomm USA, Inc.*,
   No. 2:13-cv-00947, 2016 WL 3611559 (E.D. Tex. Feb. 4, 2016)........................... 11

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-cv-00213, 2015 WL 627430 (E.D. Tex. Jan. 31, 2015) .......................... 14

*Retractable Techs. Inc. v. Becton, Dickinson & Co.*,
   No. 2:07-cv-00250, 2009 WL 8725107 (E.D. Tex. Oct. 8, 2009).......................... 15

*Retractable Techs., Inc. v. Becton, Dickinson & Co.*,
   No. 2:08-cv-00016, 2013 WL 4411237 (E.D. Tex. Aug. 14, 2013)........................ 12

*Sensonics, Inc. v. Aerosonic Corp.*,
   81 F.3d 1566 (Fed. Cir. 1996) ............................................................................... 5

**age(s)**

*Smartflash LLC v. Apple, Inc.*,
    No. 6:13-cv-00447, 2015 WL 11089593 (E.D. Tex. Jan. 29, 2015) ........................................ 5

*SSL Servs., LLC v. Citrix Sys., Inc.*,
    No. 2:08-cv-00158, 2012 WL 12906091 (E.D. Tex. May 24, 2012) ....................................... 13

*Thomas v. Cook Cty. Sheriff's Dep't*,
    604 F.3d 293 (7th Cir. 2010) ......................................................................... 12

*ViiV Healthcare Co. v. Mylan Inc.*,
    No. 1:12-cv-01065, 2014 WL 2195082 (D. Del. May 23, 2014) ............................................ 13

*Zenith Elecs. Corp. v. PDI Comm. Sys.*,
    522 F.3d 1348 (Fed. Cir. 2008) ...................................................................... 11

**Statutes**

35 U.S.C. § 271(a) ......................................................................................... 7

**Rules**

Fed. R. Civ. P. 32(a)(4) ................................................................................. 13

Fed. R. Evid. 401 ........................................................................... 11, 12, 14

Fed. R. Evid. 402 ............................................................................... passim

Fed. R. Evid. 403 ............................................................................... passim

Fed. R. Evid. 408 .................................................................................. 11, 12

Fed. R. Evid. 701 ...................................................................................... 6

iv

**TABLE OF EXHIBITS**

| Exhibit | Description of Document |
|---|---|
| 1. | Intellectual Ventures' Aug. 30, 2016 Letter (IV-FEDEX00024665 - 831) |
| 2. | Defendants' Proposed Terms and Claim Elements for Construction, served on May 24, 2017 |
| 3. | Defendants' Second Amended Joint Initial Disclosures, served on Oct. 6, 2017 |
| 4. | FedEx Defendants' Deposition Designations, served on Mar. 5, 2018 |
| 5. | FedEx Defendants' Witness List, served on Mar. 5, 2018 |
| 6. | FedEx Defendants' Updated Exhibit List, served on Mar. 28, 2018 |
| 7. | Defendants' Objections and Responses to Plaintiff Intellectual Ventures II LLC's Second Set of Interrogatories (Nos. 21-33), served on Aug. 28, 2017, Excerpted |
| 8. | FedEx Defendants' Amended and Supplemental Responses to Plaintiff Intellectual Ventures II LLC's First and Second Set of Interrogatories (Nos. 3, 4, 7-13, 15, 18, 21, 23-27), served on Oct. 20, 2017, Excerpted |
| 9. | FedEx Defendants' Supplemental Responses to Plaintiff Intellectual Ventures II LLC's First Set of Interrogatories (No. 2), served on Dec. 8, 2017, Excerpted |
| 10. | December 19, 2017 Hearing Before Judge Gilstrap |
| 11. | Nov. 8, 2017 Deposition Transcript of Robin Fluke, Excerpted |
| 12. | Jan. 30, 2018 Deposition Transcript of David Grus, Excerpted |
| 13. | March 21, 2018 Hearing Before Judge Gilstrap |
| 14. | Dec. 5, 2017 Deposition Transcript of John F. Paschke, Excerpted |
| 15. | Jan. 26, 2018 Deposition Transcript of Lauren Stiroh, Excerpted |
| 16. | Dec. 6, 2017 and Dec. 13, 2018 Deposition Transcripts of Hari Thapa (Vols. I-II), Excerpted |
| 17. | Nov. 30, 2017 Deposition Transcript of Jim Weisfeld, Excerpted |
| 18. | FedEx Production Document titled ███████████████████ (FDXIV00033519 - 59) |
| 19. | FedEx Production Document titled ███████████████ (FDXIV00033779 - 88) |
| 20. | FedEx Production Document titled ███████████████ dated Dec. 30, 2015 (FDXIV00138807 - 84), Excerpted |
| 21. | E-mail from L. Nowierski to Counsel, dated Feb. 13, 2018 |
| 22. | E-mail from M. Rosenberger to Counsel, dated Mar. 5, 2018 |
| 23. | E-mail from E. Cook to L. Nowierski, dated Mar. 16, 2018 |
| 24. | Dec. 19, 2017 Opening Expert Report of Dr. Clive Hohberger |
| 25. | Dec. 19, 2017 Opening Expert Report of David H. Williams, Excerpted |

| Exhibit | Description of Document |
|---|---|
| 26. | Jan. 11, 2018 Rebuttal Expert Report of Dr. Jacob Sharony, Ph.D., MBA, Concerning Validity of U.S. Patent No. 8,494,581, Excerpted |
| 27. | Jan. 11, 2018 Expert Rebuttal Report of Lauren J. Stiroh, Excerpted |
| 28. | Jan. 29, 2018 Supplemental Rebuttal Expert Report of David H. Williams on Noninfringement of U.S. Patent No. 8,494,581 |
| 29. | Feb. 12, 2018 Supplemental Expert Rebuttal Report of Lauren J. Stiroh, Ph.D. |
| 30. | Order, dated Sept. 24, 2012 - Dkt. No. 481 - *DDR Holdings, LLC v. Hotels.com, L.P.* (C.A. No. 06-cv-42-JRG) |
| 31. | Order Regarding Plaintiffs' Motions in Limine, dated Jan. 29, 2010 - Dkt. No. 405 - *Kinetic Concepts. Inc. et al. v. Bluesky Medical Corp. et al.* (C.A. No. 08-cv-102-RF) |
| 32. | Transcript of Pre-Trial Hearing Before The Honorable Judge Rodney Gilstrap on July 27, 2015 - Dkt. No. 818 - *ContentGuard Holdings, Inc. v. Amazon.com, Inc. et al.* (C.A. Nos. 13-cv-1112-JRG, 14-cv-61-JRG), Excerpted |
| 33. | Transcript of Pre-Trial Hearing Before The Honorable Judge Rodney Gilstrap on July 5, 2016 - Dkt. No. 236 - *Mobile Telecommunications Techs, LLC v. ZTE (USA), Inc. et al.* (C.A. Nos. 13-cv-946-JRG, 13-cv-948-JRG-RSP), Excerpted |
| 34. | E-mail from E. Cook to L. Nowierski, dated Oct. 10, 2017 |
| 35. | E-mail from J. Berkowitz to A. Kellman, dated Dec. 19, 2017 |
| 36. | FedEx Proposed Trial Exhibit, DTX 129; FedEx Production Document (FDXIV00081997 - 82124), Excerpted |
| 37. | FedEx Proposed Trial Exhibit, DTX 167; FedEx Production Document (FDXIV00082555 - 82644) |
| 38. | FedEx Proposed Trial Exhibit, DTX 168; FedEx Production Document (FDXIV00129600 - 129679) |
| 39. | FedEx Proposed Trial Exhibit, DTX 169; FedEx Production Document (FDXIV00106857 - 106862) |
| 40. | FedEx Proposed Trial Exhibit, DTX 170; FedEx Production Document (FDXIV00109139 - 109144) |
| 41. | FedEx Proposed Trial Exhibit, DTX 228; FedEx Production Document (FDXIV00000001) |
| 42. | FedEx Proposed Trial Exhibit, DTX 229; FedEx Production Document (FDXIV00000002 - 03) |
| 43. | FedEx Proposed Trial Exhibit, DTX 447; FedEx Production Document (FDXIV00081821 - 81838) |
| 44. | FedEx Proposed Trial Exhibit, DTX 504; FedEx Production Document (FDXIV00000005 - 06) |
| 45. | FedEx Proposed Trial Exhibit, DTX 505; FedEx Production Document (FDXIV00000007) |

| Exhibit | Description of Document |
|---|---|
| 46. | FedEx Proposed Trial Exhibit, DTX 506; FedEx Production Document (FDXIV00000008 - 09) |
| 47. | FedEx Proposed Trial Exhibit, DTX 507; FedEx Production Document (FDXIV00000010 - 11) |
| 48. | FedEx Proposed Trial Exhibit, DTX 508; FedEx Production Document (FDXIV00000012 - 14) |
| 49. | FedEx Proposed Trial Exhibit, DTX 509; FedEx Production Document (FDXIV00000015 - 18) |
| 50. | FedEx Proposed Trial Exhibit, DTX 510; FedEx Production Document (FDXIV00000019 - 22) |
| 51. | FedEx Proposed Trial Exhibit, DTX 511; FedEx Production Document (FDXIV00000023 - 26) |
| 52. | FedEx Proposed Trial Exhibit, DTX 512; FedEx Production Document (FDXIV00000027 - 31) |
| 53. | FedEx Proposed Trial Exhibit, DTX 513; FedEx Production Document (FDXIV00000032 - 36) |
| 54. | FedEx Proposed Trial Exhibit, DTX 514; FedEx Production Document (FDXIV00000037 - 41) |
| 55. | Dec. 6, 2017 Deposition Transcript of Michael L. Gross, Excerpted |
| 56. | Email from L. Nowierski to Counsel, dated Nov. 3, 2017 |
| 57. | Email from L. Nowierski to Counsel, dated Dec. 4, 2017 |
| 58. | Plaintiff Intellectual Ventures II LLC's Notice of Deposition of Tricia Mulanax, dated Sept. 20, 2017 |
| 59. | Plaintiff Intellectual Ventures II LLC's Notice of Deposition of Rodney Patton, dated Sept. 20, 2017 |
| 60. | Feb. 8, 2018 Opening Report of H. Sprague Ackley, Excerpted |
| 61. | Nov. 15, 2017 Deposition Transcript of Tracy Bailey, Excerpted |

Intellectual Ventures II LLC ("IV") hereby moves *in limine* against the FedEx defendants:

## I.    MOTION *IN LIMINE* NO. 1: EVIDENCE AND ARGUMENT ON UNDISCLOSED, PURPORTED COSTS OF ALLEGED NON-INFRINGING ALTERNATIVES

FedEx should be precluded from presenting evidence and argument on the purported costs of non-infringing alternatives because FedEx produced no fact discovery in response to IV's requests on this issue, disclosed no such costs before IV's damages expert submitted his expert report, and arranged for its employees to selectively disclose those costs to FedEx's damages expert in private conversations after the close of fact discovery.  This motion complements IV's Motion to Strike And Exclude The Reasonable Royalty Opinions Of FedEx's Damages Expert Lauren J. Stiroh (Dkts. 233, 297), but should be granted *regardless* of that pending motion.

As set forth in that motion, IV served requests during fact discovery to learn what facts FedEx possessed regarding non-infringing alternatives, including their costs of implementation, but FedEx refused to provide them.  (Dkt. 233 at 2-4, 9-12; Dkt. 297 at 1-2.)  After the close of fact discovery, nine FedEx employees—whom FedEx never identified as knowledgeable about non-infringing alternatives during fact discovery—had private conversations with FedEx's damages expert and selectively told her the costs FedEx refused to tell IV during fact discovery. (Dkt. 233 at 4-6, 9-12; Dkt. 297 at 2-4; Ex. 27.) FedEx first purported to disclose these costs in its rebuttal damages report, *after* IV's damages expert had already submitted his expert report.  (*Id*.)

FedEx's surprise, selective disclosure created an alternative universe of undisclosed "facts" that IV never had an opportunity to test during fact discovery and that IV's damages expert never had an opportunity to consider before submitting his expert report.  It had no justification and is the essence of unfair prejudice.  For the same reasons set forth in IV's motion to strike, FedEx should not be permitted to present evidence and argument on the purported costs of non-infringing alternatives, either through expert opinion testimony or from its fact witnesses.

1

This motion *in limine* should be granted regardless of whether the Court grants IV's motion to strike. The undisclosed, purported costs of non-infringing alternatives on which Dr. Stiroh based her opinions rely ***solely*** on hearsay conversations with FedEx employees; indeed, Dr. Stiroh ████ ███████████████████████████████████████████████████ (Dkt. 233 at 4-6, 9-12; Dkt. 297 at 1-4.)  IV anticipates that FedEx will attempt to present trial testimony from the oral hearsay declarants to support these costs.  In fact, FedEx has identified as "will call" trial witnesses

████████████████████████████████████████████████████████████████

█████████████████████████████████████████ (Ex. 5 at 2-4.)[1]  FedEx, of course, should not be permitted to circumvent any order precluding Dr. Stiroh from presenting opinions based on the undisclosed costs.  But even if Dr. Stiroh is permitted to present opinions based on the undisclosed costs, FedEx's fact witnesses should not be permitted to lay foundation for or bolster Dr. Stiroh's reliance on them because FedEx never disclosed them before IV's damages expert submitted his report and prevented IV from testing them through fact discovery.

## II. MOTION *IN LIMINE* NO. 2: EVIDENCE AND ARGUMENT ON PURPORTED AVAILABILITY AND ACCEPTABILITY OF ALLEGED NON-INFRINGING ALTERNATIVES

FedEx also should be precluded from presenting evidence and argument on the threshold issue of whether non-infringing alternatives were available and acceptable in the first place because FedEx produced no fact discovery in response to IV's requests on this issue and FedEx's damages expert presented no basis for rendering any such opinion. This motion complements prior IV motions, Dkt. 233 and Dkt. 279, and comports with the Court's distinction at the March 21, 2018 hearing between two issues: (1) "[W]ere these interrogatory responses adequate to identify

---

[1] ████████████████████████████████████████████████████████████████ (Dkt. 297 at 3; Ex. 12 at 71:3-16, 74:22-75:12, 87:8-89:10, 91:25-92:5, 96:25-98:13, 99:2-7, 100:12-101:25.)

potential non-infringing alternatives?" and (2) "[I]f they were properly identified non-infringing alternatives, were they available?"  (Ex. 13 at 81:4-20, 82:23-83:5, 93:4-7.)  This motion concerns the second issue, which the Court did not decide at that hearing.

As set forth in IV's prior motions and above, FedEx produced no fact discovery in response to IV's requests regarding non-infringing alternatives and did not allege—let alone present factual bases—that an alternative was available and acceptable. (Dkt. 233 at 2-4, 9-12; Dkt. 279 at 2-3, 5-8.) While FedEx's disclosure failure should be dispositive, ███████████████████████

████████████████████████████████████████████████████

████  (Ex. 15 at 83:21-84:8, 87:6-12.) Accordingly, FedEx should be precluded from presenting evidence or argument that non-infringing alternatives were available and acceptable.

## III.     MOTION *IN LIMINE* NO. 3: EVIDENCE AND ARGUMENT ON UNDISCLOSED THEORIES FIRST IDENTIFIED IN SUPPLEMENTAL EXPERT REPORTS

FedEx should be precluded from presenting evidence and argument on theories FedEx first disclosed in unauthorized, untimely supplemental expert reports because FedEx withheld these theories and pertinent witnesses during fact discovery and did not disclose them in its original expert reports. This motion complements IV's briefing on prior motions. (Dkt. 278, 324, 351, 408.)

As set forth in IV's briefs, FedEx presented new theories in supplemental expert reports based on the belated testimony of two FedEx witnesses—████████████████████—whom FedEx never identified in its Rule 26(a) disclosures, refused to present for deposition during fact discovery despite IV's 30(b)(1) deposition notices, and ████████████████████

████████████████  (Dkt. 278 at 4-5; Exs. 3, 57-59; Ex. 10 at 35:23-36:4.)  FedEx first purported to disclose the theory that █████████████████████████████████ in supplemental expert reports—after the deadline for fact discovery, after the deadline for expert reports, and even after the deposition of its damages expert.  (Dkt. 278; Dkt. 351; Dkt. 324 at 6-9;

Dkt. 408 at 1-2; Ex. 28 at 10, 14; Ex. 29.)  FedEx likewise disclosed the new theory that ███████

███████████████████████ in supplemental reports.  (Dkt. 324 at 9-10; Dkt. 408 at 1-

2.) FedEx has now identified ███████████████ as "will call" trial witnesses.  (*Compare*

Ex. 3 at 5-12 *with* Ex. 5 at 3, Ex. 10 at 35:23-36:4, and Exs. 34-35.)  FedEx even moved to exclude

the opinions of IV's damages expert based on these new facts and theories that FedEx never

disclosed during fact discovery (in any interrogatory response or otherwise) or before IV's expert

submitted his expert report.  (Dkt. 324 at 6-10; Dkt. 408 at 1-2; Dkt. 278 at 2-3; Exs. 7-9.) FedEx

also may improperly attempt to criticize IV's experts at trial based on FedEx's undisclosed facts

and theories. (Dkt. 324 at 6-10; Dkt. 408 at 1-2.)  FedEx should not be permitted to benefit from

its discovery withholding and should be precluded from presenting this evidence and argument.

## IV.   MOTION *IN LIMINE* NO. 4: IV'S ESTIMATE OF FEDEX'S SALES FROM THE ACCUSED '586 PLATFORMS, INCLUDING IV'S DAMAGES EXPERT'S USE OF FEDEX'S ███████████████████

FedEx should be precluded from criticizing or contradicting IV's estimate of FedEx's sales

from the accused '586 platforms, including IV's damages expert's use of FedEx's ███████

███████████ because FedEx failed to produce its actual sales data for the accused

platforms.  (Dkt. 324 at 10-12; Dkt. 408 at 3-5; Dkt. 437.)  FedEx's failure to produce its actual

sales data for those platforms required IV's damages expert to estimate those sales, which he did

using FedEx documentation that FedEx had produced, such as FedEx's ███████████

███████ (*Id.*; Ex. 20.)  Again seeking to benefit from its discovery withholding, FedEx moved

to exclude IV's damages expert opinions based on his use of FedEx's ███████████

███████ and, at trial, may improperly attempt to criticize him, contradict his analysis, or present

other evidence relating to IV's estimate of the sales FedEx refused to produce.  FedEx should be

precluded from doing so.  *See, e.g., Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1572 (Fed.

4

Cir. 1996) (resolving uncertainty from infringer's failure to provide adequate evidence against infringer); *Lam, Inc. v. Johns-Manville Cor*p., 718 F.2d 1056, 1065 (Fed. Cir. 1983) (same).

## V.   MOTION *IN LIMINE* NO. 5: UNTIMELY AND NON-ASSERTED PRIOR ART

FedEx's exhibit list contains untimely disclosed patents (*e.g.*, DTX 198-99, 526-27)  and devices (*e.g.*, DTX 470-72) FedEx is not asserting as prior art to any patent-in-suit.  (Ex. 6 at 8, 16, 18.) FedEx should be precluded from relying at trial on these exhibits and similar untimely, non-asserted prior art because they were not disclosed or made available during discovery (or in some cases, at all), are not relevant to any issue in this case, would encourage jury confusion as to what the asserted prior art is, and are more prejudicial than probative.  FedEx produced DTX 198, 199, 526, and 527 on February 22, 2018, well after the close of fact and expert discovery.  FedEx never produced or made available DTX 470, 471, and 472— ████████████████████████ ████████████████████   None of these exhibits appears in FedEx's expert reports, its invalidity or non-infringement contentions, or its interrogatory responses, and they should be precluded from trial. FedEx should also be precluded from using for any purpose prior art not among FedEx's final elected references (*i.e.*, that FedEx's experts relied on in reports) or that the Court has stricken from reports. (*E.g.*, DTX 206, 251, 521-22, 524-25, 528-29, 600). (Ex. 6 at 8-9, 18, 21.) *Smartflash LLC v. Apple, Inc.*, No. 6:13-cv-00447, 2015 WL 11089593, at *1 (E.D. Tex. Jan. 29, 2015).

## VI.   MOTION *IN LIMINE* NO. 6: EXCLUDED TESTIMONY ON ████████████ ████████████████

On March 21, 2018, the Court granted in part IV's Motion to Exclude Certain Opinions of Dr. Clive Hohberger and excluded FedEx from presenting expert testimony regarding ████████ ██████████████████████████   (Ex. 13 at 44:1-22.)  FedEx should be precluded from circumventing that ruling by designating its own employees' deposition testimony on ████████████████ (those designations also violate the hearsay rules (as discussed

below)). (*See, e.g.*, Ex. 16 at 41:5-16; 270:3-7.) FedEx also put ███████ on its "will call"

witness list. ███████ despite having no expertise on the issue (Ex. 11 at 131:1-7), repeatedly

████████████████████████████████████ (Ex. 5 at 2; Ex. 11 at, *e.g.*, 28:1-7, 47:14-

17, 61:8-18, 101:16-102:18, 183:18-23.)  Besides contravening the Court's order, FedEx witness

testimony about ██████████████████████ would be inappropriate opinion

testimony under Fed. R. Evid. 701 and more prejudicial than probative under Fed. R. Evid. 403.

## VII.   MOTION *IN LIMINE* NO. 7: UNDISCLOSED EVIDENCE ON CREATION OF *ANSI* AND *MULTICODE* REFERENCES

After fact discovery closed, FedEx's expert, Dr. Hohberger, put forth a prior use theory

regarding the creation of the *ANSI* and *Multicode* references. To support that theory, Dr. Hohberger

relied on private conversations with individuals who were purportedly knowledgeable about the

creation of those documents. (Ex. 24, ¶¶ 136, 161, 187, 292, 328.) One of those individuals, ████

█████ is a third party whom FedEx did not disclose during fact discovery.  (Ex. 3.)  The other,

█████████ confirmed he has no personal knowledge about the creation of the *Multicode*

reference.  (Ex. 12 at 36:16-18, 181:8-182:4.)[2]  FedEx's substitute expert, Mr. Sprague Ackley,

who also purports to have factual knowledge about *ANSI*, did not disclose this until February 8,

2018—two months after the close of fact discovery. (Ex. 60.) As FedEx failed to disclose this

factual evidence at the proper time, FedEx should be precluded from presenting it at trial.

## VIII.   MOTION *IN LIMINE* NO. 8: ALLEGING NON-INFRINGEMENT BASED ON ████████████████████████████████

FedEx should be precluded from presenting evidence and argument suggesting—contrary

---

[2] *See Union Pump Co. v. Centrifugal Tech. Inc.,* 404 Fed. App'x 899, 907-08 (5th Cir. 2010) ("Federal Rule of Civil Procedure 30(b)(6) allows corporate representatives to testify to matters within the corporation's knowledge during deposition, and Rule 32(a)(3) permits an *adverse* party to use that deposition testimony during trial. However, a corporate representative may not testify to matters outside his own personal knowledge 'to the extent that information [is] hearsay not falling within one of the authorized exceptions.'").

to law—that any of the FedEx Defendants do not infringe because ████████████

████████████████████████████████ The identity of ████████████

████████ is irrelevant to whether the FedEx Defendants make, use, or sell the accused

instrumentalities under 35 U.S.C. § 271(a). And any probative value of such evidence is

substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the

jury. Fed. R. Evid. 403. Such evidence would misleadingly suggest that ████████ should be

a defendant rather than the parties who actually make and use the accused instrumentalities under

§ 271 or who have the right and ability to stop or limit the infringement or receive the benefits of

practicing the patents under *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-

23 (Fed. Cir. 2015) (*en banc*).  FedEx similarly should be precluded from arguing that IV should

have ████████████████████████████████████████████

████████████████████████ The probative value of ████████████████

████████ is also substantially outweighed by the considerations under Fed. R. Evid. 403.

## IX.      MOTION *IN LIMINE* NO. 9: UNTIMELY DISCLOSED SOURCE CODE

FedEx did not produce the source code files (*e.g.*, Ex. 6 at 19-20 (DTX 564-66, 568))

referenced in its exhibit list until March 5, 2018—months after fact and expert discovery closed—

despite numerous requests from IV to identify such files. (Ex. 22.) FedEx identified these source

code files, for the first time, in Mr. Williams' expert report and did not disclose that it would rely

on these files until then. For example, in addition to an interrogatory directed to non-infringement

contentions generally, IV served interrogatories requesting specific source code identification for

how FedEx ████████████████████████████████████████

████████ and identification of source code that FedEx will rely on for non-infringement. (*See*

Exs. 8, 9.) While FedEx listed some file names in response to those interrogatories, FedEx's exhibit

list includes source code files that it did not identify in its interrogatory responses. (Compare Exs.

8, 9, *with* Ex. 6 at 19-20 (DTX 564-66, 568).) FedEx's game of hide-the-ball precluded IV's expert from relying on and responding to these source code files.  FedEx should be precluded from presenting, referring to, or relying on untimely disclosed source code at trial.

## X.  MOTION *IN LIMINE* NO. 10: UNTIMELY CLAIM CONSTRUCTION ARGUMENTS AND ARGUMENTS THAT CONFLICT WITH OR ARE OUTSIDE OF THE COURT'S CLAIM CONSTRUCTION

In its summary judgment motions, FedEx attempted to skirt infringement of the '581, '586, and '356 patents by presenting never-before-raised claim constructions. (*See* Dkt. 402 at 3 (alleging that the '581 patent's claim 1 requires ███████████████████████████████

████████████████████████████████████████████████ );[3] Dkt. 406 at 1 (alleging that the '586 patent's claim 7 requires ████████████████████████████████

███████████████████████ ); Dkt. 277 at 6-8 (alleging that ████████████████

████████████████████████████████████ ).) FedEx waived these claim construction arguments by not raising them at the appropriate phase of the case, instead proposing 60 other claim terms for construction. (Ex. 2; Dkt. 165, 13-14.) The Court should deny FedEx's motions for summary judgment of non-infringement of those patents and prevent FedEx from presenting such undisclosed non-infringement and claim-construction positions at trial, including by dictionary definitions. (*E.g.*, Ex. 6 at 14, 19 (DTX 420, 543-548).)

FedEx also should be precluded from contradicting the Court's constructions. For example, FedEx should be precluded from allowing Dr. Rhyne to present invalidity positions based on his purported application of the construction IV used in its Fourth Amended Infringement Contentions for the '356 and '715 patents. Dr. Rhyne admits those opinions do ***not*** apply the Court's claim

---

[3] FedEx then interprets this new construction ████████████████████████████████

████████████████████████████████████████████████

construction order, and ultimately, they do not correlate with the testimony IV intends to present at trial, which does apply the Court's claim constructions. Not only are Dr. Rhyne's opinions irrelevant and contrary to Federal Circuit law (e.g., *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F. 3d 1312, 1321 (Fed. Cir. 2009)), but they also impart a high risk of jury confusion.

FedEx should also be precluded from interpreting reasoning from the Court's *Markman* Order or referencing its reasoning in front of the jury (Dkt. 165 at 144). For example, FedEx should be precluded from arguing that ██████████████████████████ or suggesting the Court found ████████ is required because nothing in the Court's construction ("an individual, an automated device, or a robot") requires the "entity" be capable of ████████ (Dkt. 165, 36, 144.)   And FedEx should be precluded from referencing the patent's file history.

## XI.   MOTION *IN LIMINE* NO. 11A: THE ██████████████ DEVICE

FedEx should be precluded from presenting evidence on the ██████████████ because FedEx has no evidence that it was in public use, that it operated, or how (if at all) the ████████████████████████████ (Ex. 26, ¶¶ 110 n.12-13, 111, 115.) FedEx's expert relies on the deposition testimony of ████████ and a FedEx document to support his allegation that ████████████████ was in public use. (Ex. 25, ¶ 346.) But ████████ deposition merely states that ████████████████████████ ████████████████████████ (Ex. 61.) And the document Mr. Williams cites is ████████████████████ and provides no reasonable basis for when (if ever) ████████████████ (Ex. 18.) Neither Ex. 18 nor Ex. 19[4] provides any indication that ████████████████████

---

[4] Ex. 19 is dated after Ex. 18 and is titled ████████████████████ ████████

 let alone in a way that would invalidate the '581 patent.  (Ex. 26, ¶¶ 110 & n.12-13, 111, 115.) FedEx failed to provide evidence that ████████████████████ ███████████████████████ and should be precluded from presenting it at trial.

## XII.   MOTION *IN LIMINE* NO. 11B: DEVICES THAT FEDEX DID NOT MAKE AVAILABLE FOR INSPECTION DURING DISCOVERY

FedEx never made ████████████████████████████ available for inspection, including at a 30(b)(6) deposition of a witness designated on a related topic. This Court should preclude FedEx from presenting these alleged prior art devices at trial.

## XIII.   MOTION *IN LIMINE* NO. 11C: THE UNAVAILABLE ████████████████

FedEx should be precluded from providing any demonstration of ██████████████ at trial because FedEx refused to provide IV with access to ████████████ despite IV's repeated requests for such access during fact discovery. (Dkt. 177 at 2-3; Exs. 56-57.)

## XIV.   MOTION *IN LIMINE* NO. 12: COMPARISON OF THE ACCUSED INSTRUMENTALITIES TO ANY COMMERCIAL EMBODIMENTS OR PROTOTYPES OF THE ASSERTED PATENTS OR TO ANY PRIOR ART.

FedEx should be precluded from comparing ████████████████ accused systems and methods to any commercial embodiments/prototypes of the asserted patents, including those embodiments in ██████████████████ (Ex. 6 at 12, 17 (DTX 339, 490-97)), or to preferred embodiments because such comparison would be irrelevant and untimely. FedEx mentions none of these documents in its expert reports, and no expert presented any evidence or analysis that any commercial embodiments or prototypes practice the asserted patents. And the probative value of these documents is substantially outweighed by the high risk of unfair prejudice, confusing the issues, and misleading the jury under Fed. R. Evid. 403.

FedEx should likewise be precluded from comparing any of the accused instrumentalities to any purported prior art device, patent, or system, including FedEx's own prior art systems or

devices such as ████████████████████████████████████████

*E.g.*, *Zenith Elecs. Corp. v. PDI Comm. Sys.*, 522 F.3d 1348, 1363 (Fed. Cir. 2008); *Mobile Telecomms. Techs., LLC v. LG Elecs. Mobilecomm USA, Inc.*, No. 2:13-cv-00947, 2016 WL 3611559, at *1 (E.D. Tex. Feb. 4, 2016). Any comparison is irrelevant and the danger of unfair prejudice, confusion, and misleading the jury outweighs any minimal value. Fed. R. Evid. 402-03.

## XV.   MOTION *IN LIMINE* NO. 13: ████████████████ COMMUNICATIONS

FedEx should be precluded from presenting evidence and argument regarding the ████ ████████████████████████████ for purposes of determining FedEx's damages or for purposes of disparaging IV, including ████████████████████████ ██████████████████████. *See* Fed. R. Evid. 401-03, 408; Ex. 6 at 8, 17-18 (DTX 228-29, 504-14); Exs. 41, 42, 44-54; Dkt. 348 at 2-3, 8-9. No damages expert relies on the parties' ████████████████████ communications in support of his or her reasonable royalty opinion. And, even if FedEx is permitted to present evidence relating to ████████████ (Dkt. 265 at 2-4), FedEx failed to disclose its intent to rely on ████████████████████████ ████████████████ so all other correspondence is both untimely and irrelevant.  (*Id.*)

## XVI.   MOTION *IN LIMINE* NO. 14: ████████████████████████ BETWEEN IV AND THIRD PARTIES

FedEx's exhibit list and deposition designations demonstrate its intent to rely on IV's ████████████████████████████████ (Ex. 6 at 5, 7, 15 (DTX 129, 167-68, 447); Exs. 36-38, 43)████████ (Ex. 6 at 7 (DTX 169, 170); Exs. 39-40; *see also* Ex. 4 at 20-21; Ex. 14 at 128:12-24, 131:15-132:16, 133:7-17.)  But those communications are not relevant to any issue, would be unfairly prejudicial, and constitute inadmissible settlement evidence. *See* Fed. R.

---

[5] In contrast, IV's August 30, 2016 letter is relevant to the issue of indirect and willful infringement. (Ex. 1.)

Evid. 401-03, 408.  Rule 408 protects negotiations with a third party. *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, No. 2:08-cv-00016, 2013 WL 4411237, at *3 (E.D. Tex. Aug. 14, 2013).

## XVII.  MOTION *IN LIMINE* NO. 15: IV'S ███████████████ ███████████████ OF IV'S PATENTS, INCLUDING THE PATENTS-IN-SUIT

FedEx's exhibit list and deposition designations demonstrate its intent to rely on IV's ████████████████████████████████████ including the patents-in-suit.  (Ex. 4 at 11-12, 21; Exs. 17, 55.)  While FedEx's damages expert relies on ██████ ██████████████████████████ the parties do not dispute the ████████ or the terms of those agreements.  And no expert has relied on the negotiations leading to ██ █████ the patents-in-suit.  Thus, any discussion of negotiations leading to ████████ of patents is irrelevant and would be more prejudicial than probative.  Fed. R. Evid. 402, 403.

## XVIII.MOTION *IN LIMINE* NO. 16: FEDEX'S ATTEMPT TO AFFIRMATIVELY DESIGNATE THE DEPOSITION TESTIMONY OF ITS OWN WITNESSES

FedEx should be precluded under the hearsay rules from affirmatively designating and playing the deposition testimony of its own witnesses at trial. Despite the well-established prohibition against hearsay, FedEx has affirmatively designated deposition testimony from more than *twenty* of its own fact witnesses, alleging that "there are practical limitations on the number of live witnesses who can testify at trial." (Ex. 23 at 2; Ex. 4.)  But the Fifth Circuit has explained that "[a] deposition may not be introduced into the record at a trial or hearing for any purpose unless the witness is unavailable or exceptional circumstances justify its admission" and "[t]he burden of showing the witness's availability under [Rule 32(a)(4)] rests with the party seeking to introduce the deposition." *Jauch v. Corley*, 830 F.2d 47, 49-50 (5th Cir. 1987). "Implicit in this rule is an obligation to use reasonable diligence to secure the witness's presence, and the district court has broad discretion to determine whether the proponent has satisfied this requirement." *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 308 (7th Cir. 2010). Here, FedEx has not

claimed any of its witnesses are unavailable as prescribed in Fed. R. Civ. P. 32(a)(4), and cannot meet its burden of showing unavailability. FedEx does not deny that it could call any of these witnesses live at trial should the Court deny its request to use deposition testimony. *ViiV Healthcare Co. v. Mylan Inc.*, No. 1:12-cv-01065, 2014 WL 2195082, at *1 (D. Del. May 23, 2014). Indeed, FedEx has designated the deposition testimony of numerous FedEx employees that FedEx has identified as "may call" witnesses (Exs. 4-5), which confirms FedEx's ability to bring these witnesses to trial and that any purported unavailability would be procured by FedEx itself.

## XIX.   MOTION *IN LIMINE* NO. 17: "PATENT TROLL" AND IV'S BUSINESS MODEL

FedEx should be precluded from offering evidence and arguments that use pejorative terms to refer to IV, such as "patent troll," or refer to IV's business model in a derogatory way, such as "not making products or practicing the patents-in-suit." *See* Fed. R. Evid. 402-03. Such prejudicial and derogatory terms have no place at trial, are not relevant to any issue, and are routinely excluded. *See, e.g., SSL Servs., LLC v. Citrix Sys., Inc.*, No. 2:08-cv-00158, 2012 WL 12906091, at *2 (E.D. Tex. May 24, 2012). Reference to IV's business model also should be excluded because it is irrelevant, as demonstrated by the fact that no expert relies on it, and unfairly prejudicial.

## XX.   MOTION *IN LIMINE* NO. 18: PERSONAL WEALTH OF IV PRINCIPALS, EMPLOYEES, AND INVESTORS

FedEx should be precluded from referencing or alluding to the personal wealth of IV's principals, employees, and investors. *See* Fed. R. Evid. 402, 403. Such references are irrelevant to the issues before the jury and are unfairly prejudicial. *See, e.g., Kinetic Concepts, Inc. v. Bluesky Medical Corp.*, No. 5:08-cv-00102, Dkt. 405 at *2 (W.D. Tex. Jan. 29, 2010) (Ex. 31).

## XXI.   MOTION *IN LIMINE* NO. 19: PREVIOUSLY ASSERTED PATENT CLAIMS

FedEx should be precluded from offering evidence and arguments relating to previously asserted patents and claims not being presented to the jury. To facilitate an efficient trial, IV has

13

reduced the number of claims it intends to present to the jury. (Dkt. 267 at 2 n.3, 3 n.4; Ex. 21.)

IV also will not present U.S. Patent No. 6,633,900 based on the Court's claim construction and the

parties' resulting stipulation of non-infringement.  Any previously asserted patents and claims are

not relevant to any issue.  *See* Fed. R. Evid. 401-03; *Mobile Telecomm. Techs., LLC v. ZTE (USA)*

*Inc.*, No. 2:13-cv-00946, 2016 WL 8260584, at *1 (E.D. Tex. July 21, 2016); *id.* Dkt. 236 at *30

("If it's a live issue in this case when the jury takes its seat in the box, then it's proper to talk about.

If it's a former claim or defense that's no longer live and has been dropped in any fashion, it's not

proper to go into it.") (Ex. 33 at 30:16-22).

## XXII.  MOTION *IN LIMINE* NO. 20: POST-ISSUANCE USPTO PROCEEDINGS

FedEx should be precluded from presenting evidence and argument referring or relating to

post-issuance USPTO proceedings (e.g., IPRs and *ex parte* re-examinations) for the patents-in-

suit. Fed. R. Evid. 401-03. These proceedings are irrelevant to the issues before the jury—they do

not apply this Court's claim constructions, in some circumstances concern different prior art, and

are still ongoing—and would cause unnecessary confusion.  *See ContentGuard Holdings, Inc. v.*

*Amazon.com, Inc.*, No. 2:13-cv-01112, 2015 WL 12915561, at *1 (E.D. Tex. Aug. 3, 2015); *id.*,

Dkt. 818 at *24 ("the differences in claim construction … [t]hey're not apples to apples" and "I'm

concerned about the necessity for clarifying instructions.") (Ex. 32 at 24:6-16).

## XXIII. MOTION *IN LIMINE* NO. 21: UNRELATED LAWSUITS

FedEx should be precluded from offering evidence and arguments concerning any other

lawsuit, including rulings or accusations against IV in unrelated legal proceedings or disputes, or

from referring to IV as "litigious."  Such evidence and arguments have no bearing on the issues in

this case and would only prejudice and confuse the jury. *See* Fed. R. Evid. 402, 403; *ContentGuard*,

2015 WL 12915561, at *1; *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, No. 2:13-cv-

00213, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015).

14

## XXIV. MOTION *IN LIMINE* NO. 22: MOTIONS AND ORDERS TO STRIKE, EXCLUDE, AND PRECLUDE IN UNRELATED LAWSUITS

The Court should preclude FedEx from referring to any motion or order to strike, exclude, or preclude (e.g., *Daubert* challenges) testimony of any witness in unrelated lawsuits.  *Keys v. Lloyds*, No. 2:14-cv-00643, 2015 WL 11027034, at *2 (E.D. Tex. Oct. 20, 2015).  Such references have no bearing on the issues and would be more prejudicial than probative. In addition, if such testimony or reference were permitted, it would require counsel to delve into the facts of unrelated cases, which would prolong these proceedings and likely confuse and mislead the jury.

## XXV.  MOTION *IN LIMINE* NO. 23: CHALLENGES TO INVENTORSHIP

FedEx should be precluded from presenting evidence or argument relating to the proper inventorship of the patents-in-suit. *See Retractable Techs. Inc. v. Becton, Dickinson & Co.*, No. 2:07-cv-00250, 2009 WL 8725107, at *8 (E.D. Tex. Oct. 8, 2009). FedEx never challenged inventorship for the patents-in-suit in its Answer, invalidity contentions, or otherwise. (Dkt. 32.)

## XXVI. MOTION *IN LIMINE* NO. 24: ABSENCE OF INVENTORS

FedEx should be precluded from commenting on the absence of any of the patents' (non-party) inventors throughout this litigation, including at trial. Such commentary is prejudicial and is not relevant to any issues in this case.  *See* Fed R. Evid. 402-03; *Changzhou Kaidi Elec. Co. v. Okin Am., Inc.*, No. 13-cv-01798, 2015 WL 2168840, at *2 (D. Md. May 7, 2015).

## XXVII. MOTION *IN LIMINE* NO. 25: REFERENCE TO CHARITABLE ENDEAVORS

The Court should preclude FedEx from discussing its charitable endeavors in Texas or elsewhere.  *See* Fed. R. Evid. 402, 403. For example, ███████████████████████ ████████████████████████████████████████████████████████████████ ██████ (Ex. 27, ¶ 17.)  Such charitable work is not relevant to the issues before the jury, could be prejudicial, and is routinely excluded. (Ex. 30.)

15

Dated:  March 30, 2018

Respectfully submitted,

By: */s/ Lauren M. Nowierski*

William E. Davis, III
Edward Chin
**THE DAVIS FIRM P.C.**
213 N. Fredonia Street, Suite 230
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
bdavis@davisfirm.com
echin@davisfirm.com

Alan S. Kellman (*pro hac vice*)
Lauren M. Nowierski
Adam Steinmetz (*pro hac vice*)
Kyle G. Petrie (*pro hac vice*)
Kevin K. McNish (*pro hac vice*)
Michael Wueste (*pro hac vice*)
Jordan Malz (*pro hac vice*)
Timothy Li (*pro hac vice*)
Tom BenGera (*pro hac vice*)
**DESMARAIS LLP**
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Tel)
(212) 351-3401 (Fax)
akellman@desmaraisllp.com
lnowierski@desmaraisllp.com
asteinmetz@desmaraisllp.com
kpetrie@desmaraisllp.com
kmcnish@desmaraisllp.com
mwueste@desmaraisllp.com
jmalz@desmaraisllp.com
tli@desmaraisllp.com
tbengera@desmaraisllp.com

*Counsel for Plaintiff*
*Intellectual Ventures II LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing sealed document and all attachments thereto are being served via email on all counsel of record on this March 30, 2018.

/s/ Lauren M. Nowierski
Lauren M. Nowierski

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order (D.I. 70) entered in this case.

/s/ Lauren M. Nowierski
Lauren M. Nowierski

17