**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES II LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:16-CV-00980-JRG |
| | § | |
| FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX FREIGHT, INC., FEDEX CUSTOM CRITICAL, INC., FEDEX OFFICE AND PRINT SERVICES, INC., GENCO DISTRIBUTION SYSTEM, INC., | § § § § § § § § | |
| Defendants. | § | |

## ORDER ON MOTIONS *IN LIMINE*

Before the Court are the motions *in limine* filed by Plaintiff Intellectual Ventures II LLC ("IV") (Dkt. No. 448) and Defendants FedEx Corporation, FedEx Express Corporation, FedEx Ground Package System, Inc., FedEx Freight, Inc., FedEx Custom Critical, Inc., FedEx Office and Print Services, Inc., and GENCO Distribution System, Inc. ("FedEx") (Dkt. No. 447). The Court held a pretrial conference on April 16, 2018 and heard oral argument on said motions. This Order summarizes and memorializes the Court's rulings as regards such motions in limine.

## AGREED MOTIONS *IN LIMINE*

The following motions are **GRANTED-BY-AGREEMENT OF THE PARTIES:**

It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court:

IV MIL No. 1: Exclude evidence and argument on undisclosed, purported costs of alleged non-infringing alternatives. In light of the Court's ruling on IV's motion to strike with respect to

Dr. Stiroh, Defendants will not present evidence or argument on the costs of non-infringing alternatives.

IV MIL No. 3: Exclude evidence and argument on undisclosed theories first identified in supplemental expert reports. In view of the Court's ruling on IV's motion to strike the supplemental opinions of Mr. Williams and Dr. Stiroh, Defendants will not present evidence or argument relating to the experimental use theory for GPS. Defendants are free to present and rely on testimony regarding the value of GPS provided that such testimony does not suggest and is not otherwise based on any allegation that FedEx's use of GPS is experimental. Defendants may present evidence that Freight 2020 is allegedly behind schedule, but may not present evidence to that effect based on facts arising after January 18, 2018.

IV's MIL No. 13: Exclude evidence and argument regarding the Parties pre-suit settlement and licensing communications. Neither Party will discuss the Parties' pre-suit communications, with the exception of the August 30, 2016 letter from IV to FedEx.

IV's MIL No. 18: Preclude FedEx from referencing or alluding to the personal wealth of IV's principals, employees, and investors. Neither Party will refer to the personal wealth of the other Party's principals, employees, investors, or inventors.

IV's MIL No. 19: Exclude evidence and argument relating to previously asserted patents and claims that are not being presented to the jury. Neither Party will offer evidence or argument regarding previously asserted or non-asserted claims with the following limitation: The Parties may refer to the '900 Patent in the context of invalidity on the '581 Patent only if Defendants elect to assert that prior art reference against the '581 Patent at trial; however, Defendants may not mention, suggest, or argue that the '900 Patent was previously asserted against Defendants. The Parties may also refer to the '900 Patent for damages-related issues provided that no Party

mentions that the '900 Patent was previously asserted against Defendants. This ruling does not impact either Parties' objections to particular exhibits, which the Court will address separately.

IV's MIL No. 21: Exclude evidence and arguments concerning any other lawsuits, including rulings or accusations against IV in unrelated legal proceedings or disputes, or from referring to IV as "litigious." Neither Party will present evidence or argument concerning any other lawsuit or referring to the other Party as "litigious," although, no Party will argue that this motion precludes a Party from presenting evidence or argument regarding settlement or license agreements reached in other lawsuits in the context of damages. This ruling does not impact either Parties' objections to particular exhibits, which the Court will address separately.

IV's MIL No. 22: Exclude reference to any motion or order to strike, exclude, or preclude testimony of any witness in unrelated lawsuits. Neither Party will refer to any motion or order to strike, exclude, or preclude (e.g., *Daubert* challenges) testimony of any witness in other lawsuits.

IV's MIL No. 23: Exclude evidence or argument relating to the proper inventorship of the patents-in-suit. Defendants will not present evidence of improper inventorship of the patents-in-suit as a ground of invalidity.

IV's MIL No. 25: Preclude FedEx from discussing its charitable endeavors in Texas or elsewhere. Neither Party will refer to its charitable endeavors in Texas or elsewhere.

FedEx's MIL No. 13: Preclude IV from asserting that FedEx had knowledge of any of the Asserted Patents prior to IV's August 30, 2016 letter. IV will not present evidence that FedEx knew about any of the patents-in-suit prior to August 30, 2016.

## IV'S OPPOSED MOTIONS *IN LIMINE*

With regard to the following opposed motions *in limine*, the Court **ORDERS** as follows:

IV's MIL No. 2: Exclude evidence and argument on purported availability and acceptability of alleged non-infringing alternatives. In particular, IV seeks an order precluding FedEx from presenting evidence and argument about whether any non-infringing alternatives were available and acceptable because IV alleges that FedEx failed to provide any discovery in response to IV's interrogatories.

This motion *in limine* is **DENIED**.

IV's MIL No. 4: Preclude FedEx from criticizing or contradicting IV's estimate of FedEx's sales from the accused '586 platforms, including IV's damages expert's use of FedEx's "volume contribution document."

This motion *in limine* is **DENIED**.

IV's MIL No. 5: Exclude non-asserted prior art not relied on as part of FedEx's invalidity contentions.

> This motion *in limine* is **GRANTED**. Should Defendants wish to use prior art that is outside of the previously elected prior art invalidity case in order to show relevant background information at trial, Defendants must first approach the Court and obtain leave.

IV's MIL No. 6: Preclude FedEx from designating its own employees' deposition testimony on whether the label buffer "java object" is an "electronic document."

> This motion *in limine* is **CARRIED** until the Court hears Plaintiff's motions to strike and exclude the testimony of Mr. Ackley at the May pretrial hearing.

IV's MIL No. 7: Exclude Mr. Grus's testimony regarding the creation of the *Multicode* reference.

> This motion *in limine* is **CARRIED**. This motion *in limine* is substantially related to the motions for Mr. Ackley; the Court will hear this motion *in limine* when it hears those motions at the May pretrial hearing.

IV's MIL No. 8: Preclude FedEx from presenting evidence and argument suggesting that any of the FedEx Defendants do not infringe because non-party FedEx Services allegedly developed software for the accused instrumentalities.

> This motion *in limine* is **GRANTED**. While the Defendants will collectively be referred to as "FedEx," the Court will instruct the jury as to which FedEx entities are and are not named Defendants. Defendants may assert that they do not infringe because they meet the limitations of the claims; however, the Court will not permit Defendants to argue that they do not infringe on the basis that the infringing actions are performed by a separate, unnamed or unjoined FedEx entity. In order to prevent confusion, to the extent that a required element is performed by an entity that is not a named Defendant, the Parties must first approach the Court and obtain leave prior to mentioning the issue to the jury.

IV's MIL No. 9: Preclude FedEx from presenting, referring to, or relying on untimely disclosed source code identified for the first time in Mr. Williams' expert report.

> This motion *in limine* is **CARRIED** until the Court hears evidentiary disputes at the May pretrial hearing and thus will rise or fall with those exhibit rulings.

IV's MIL No. 10: Preclude FedEx from presenting undisclosed non-infringement and claim construction positions at trial, from contradicting the Court's claim constructions, and from interpreting the Court's Claim Construction Order or referencing its reasoning in front of the jury.

> This motion *in limine* is **DENIED**. The Parties have the right to tell the jury what they believe is the plain and ordinary meaning of unconstrued terms. Beyond that, however, the Court's Claim Construction Order clearly states that the Parties are not to discuss the analysis, logic, or any part of such opinion in front of the jury without leave of the Court, except as to the ultimately adopted claim constructions.

IV's MIL No. 11: Exclude evidence on the DADS handheld device, preclude FedEx from presenting the SuperTracker, Enhanced SuperTracker, and DADS handheld devices at trial, and preclude FedEx from providing any demonstration of the SenseAware portal at trial.

> This motion *in limine* is **CARRIED-IN-PART** and **WITHDRAWN-IN-PART**. The parts of this motion in limine relating to DADS, SuperTracker, and Enhanced SuperTracker are carried until the May pretrial hearing because they rise or fall with specific exhibit disputes. Plaintiff has withdrawn the portion of the motion relating to the SenseAware portal.

<u>IV's MIL No. 12</u>: Preclude FedEx from comparing the SenseAware and Freight 2020 RFID accused systems and methods to any commercial embodiments or prototypes of the asserted patents. IV also moves to preclude FedEx from comparing any of the accused instrumentalities to any purported prior art device, patent, or system, including FedEx's own prior art systems and devices.

> This motion *in limine* is **GRANTED**. The Court holds that the only proper comparison is between the accused products and the elements of the Asserted Claims.

<u>IV's MIL No. 14</u>: Preclude FedEx from relying on IV's settlement communications with third parties.

> This motion *in limine* is **CARRIED** until the Court hears evidentiary disputes at the May pretrial hearing and thus will rise or fall with those exhibit rulings.

<u>IV's MIL No. 15</u>: Preclude FedEx from relying on IV's pre-suit negotiations with the third parties who originally owned IV's patents, including the Asserted Patents.

> This motion *in limine* is **CARRIED** until the Court hears evidentiary disputes at the May pretrial hearing and thus will rise or fall with those exhibit rulings.

<u>IV's MIL No. 16</u>: Preclude FedEx under the hearsay rules form affirmatively designating and playing the deposition testimony of its own witnesses at trial.

> This motion *in limine* is **DENIED**. The Court expects the Parties to abide by the Federal Rules of Evidence and the Federal Rules of Civil Procedure.

<u>IV's MIL No. 17</u>: Exclude evidence and argument that uses pejorative terms to refer to IV, such as "patent troll," or refer to IV's business model in a derogatory way, such as "not making products or practicing the patents-in-suit." FedEx agrees not to use pejorative terms about IV and IV's business model.

> This motion *in limine* is **GRANTED**. The Court **ORDERS** that all Parties refrain from using any derogatory or pejorative terms against any Party. Plaintiff is not permitted to denigrate Defendants by painting a David and Goliath scenario. Defendants are not permitted to denigrate Plaintiff by asserting that Plaintiff "buys,

settles, and sues," or doesn't produce anything or contribute to the economy. Defendant is permitted to establish that Plaintiff does not manufacture a product based on the Asserted Patents; however, once established before the jury, Defendants will not be permitted to continually return to the topic in an attempt to denigrate Plaintiff through repetition.

IV's MIL No. 20: Exclude evidence and argument referring or relating to post-issuance USPTO proceedings.

This motion *in limine* is **GRANTED**. No Party will be permitted to reference any post-issuance proceedings without leave of the Court. The Court declines to impose a limitation on the ordinary and usual use of impeaching information, including testimony from post-issuance proceedings; however, the Parties should not identify the impeaching information as coming from a post-issuance proceeding. As with all *limine* orders, if a Party, by failing to comply with this Order, opens the door to such evidence, the Court will determine if the non-offending Party may go into such matters.

IV's MIL No. 24: Preclude FedEx from commenting on the absence of any of the Asserted Patents' non-party inventors throughout the litigation, including at trial.

This motion *in limine* is **GRANTED**. No Party will be permitted to argue or communicate to the jury in any way about the absence of any potential witness without leave of the Court. The Court has broadened this order, as stated, intentionally.

## FEDEX'S OPPOSED MOTIONS *IN LIMINE*

With regard to the following opposed motions *in limine*, the Court **ORDERS** as follows:

FedEx's MIL No. 1: Preclude IV from referencing any noninstituted *Inter Partes* Review proceedings.

This motion *in limine* is **GRANTED**. No Party will be permitted to reference any post-issuance proceedings without leave of the Court. The Court declines to impose a limitation on the ordinary and usual use of impeaching information, including testimony from post-issuance proceedings; however, the Parties should not identify the impeaching information as coming from a post-issuance proceeding.

FedEx's MIL No. 2: Preclude IV from referencing any final written decision from any IPR proceeding.

> This motion *in limine* is **GRANTED**. No Party will be permitted to reference any post-issuance proceedings without leave of the Court. The Court declines to impose a limitation on the ordinary and usual use of impeaching information, including testimony from post-issuance proceedings; however, the Parties should not identify the impeaching information as coming from a post-issuance proceeding.

FedEx's MIL No. 3: Preclude IV from presenting arguments that the patentee overcame a prior art reference listed on the face of an Asserted Patent.

> This motion *in limine* is **DENIED**. Defendants have shown no basis for excluding the cited references that are on the face of the Asserted Patents, copies of which will be provided to the jury. However, for clarity and consistent with IV's MIL No. 20 and FedEx's MIL Nos. 1 and 2, a reference that is on the front of the patent does not open the door to discussing post-issuance proceedings.

FedEx's MIL No. 4: Preclude IV from presenting infringement theories that are not disclosed in its expert reports.

> This motion *in limine* is **WITHDRAWN** by mutual consent.

FedEx's MIL No. 5: Preclude IV from referencing or eliciting testimony or presenting any argument alleging infringement by any unnamed party.

> This motion *in limine* is **WITHDRAWN** by mutual consent.

FedEx's MIL No. 6: Exclude evidence and argument about the conception, reduction to practice, or development of the alleged inventions embodied by the Accused Patents to the extent such information is not specified in IV's responses to FedEx's Interrogatory No. 16.

> This motion *in limine* is **DENIED**. IV is permitted to present witness testimony to show the background of invention and how the invention originated. However, such testimony is limited to a high-level background overview. The Court will not permit such a witness to testify as an undisclosed expert.

FedEx's MIL No. 7: Preclude IV from identifying licenses, licensees' names, royalties, or revenue from its portfolio.

> This motion *in limine* is **CARRIED** until the Court hears evidentiary disputes at the May pretrial hearing and thus will rise or fall with those exhibit rulings.

FedEx's MIL No. 8: Exclude evidence and argument of any discovery dispute between the Parties, including any alleged discovery deficiencies, the subject matter of any such disputes, correspondence, and associated motions to compel.

> This motion *in limine* is **GRANTED**. No Party will be permitted to make any references to discovery disputes, the adequacy of discovery, or the Court's pretrial motions and orders without leave of the Court. IV will be permitted to show that FedEx willfully infringed the '356 and '715 Patents through the Freight 2020 project and implementation of RFID array systems after the filing of the complaint; however, neither Party should refer to the underlying discovery disputes that were before the Court.

FedEx's MIL No. 9: Exclude evidence and argument about any pretrial motions or orders.

> This motion *in limine* is **GRANTED**. No Party will be permitted to make any references to discovery disputes, the adequacy of discovery, or the Court's pretrial motions and orders without leave of the Court. IV will be permitted to show that FedEx willfully infringed the '356 and '715 Patents through the Freight 2020 project and implementation of RFID array systems after the filing of the complaint; however, neither Party should refer to the underlying discovery disputes that were before the Court.

FedEx's MIL No. 10: Preclude IV from asserting infringement theories against "Defendants," "FedEx," or any other collective designation grouping two or more Defendants together.

> This motion *in limine* is **DENIED**. Consistent with IV's MIL No. 8, while the Defendants will collectively be referred to as "FedEx," the Court will instruct the jury as to which specific FedEx entities are and are not named Defendants. Defendants may assert that they do not infringe because they do not meet the limitations of the claims; however, the Court will not permit Defendants to argue that they do not infringe because the infringing actions are performed by a separate, unnamed FedEx entity. In order to prevent confusion, to the extent that a required element is performed by an entity that is not a named Defendant, the Parties must first approach the Court and obtain leave prior to mentioning any such issue to the jury.

<u>FedEx's MIL No. 11</u>: Preclude IV from characterizing the actions of the FedEx Defendants as "stealing," "copying," "pirating," or any other charged words suggesting an improper taking from IV.

> This motion *in limine* is **GRANTED**. The Court **ORDERS** that all Parties refrain from using any derogatory or pejorative terms against the other Party. Plaintiff is not permitted to denigrate Defendants by painting a David and Goliath scenario. Defendants are not permitted to denigrate Plaintiff by asserting that Plaintiff "buys, settles, and sues," or doesn't produce anything or contribute to the economy. Defendant is permitted to establish that Plaintiff does not manufacture a product based on the Asserted Patents; however, once established before the jury, Defendants will not be permitted to continually return to the topic in an attempt to denigrate Plaintiff through repetition.

<u>FedEx's MIL No. 12</u>: Preclude IV from relying on Defendants' entire "source code computer" as an exhibit.

> This motion *in limine* is **CARRIED** until the Court hears evidentiary disputes at the May pretrial hearing and thus will rise or fall with those exhibit rulings.

<u>FedEx's MIL No. 14</u>: Preclude IV from referencing or introducing any argument, evidence, or testimony related to any other litigations involving the FedEx Defendants, including the amounts for which the FedEx Defendants may have settled other litigations, that are not expressly addressed in a Party's expert report.

> This motion *in limine* is **GRANTED**. However, IV will be permitted to address any license that is addressed in IV's expert reports, whether or not it was derived from litigation.

**So Ordered this**
**Apr 26, 2018**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE