```
 1                IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE EASTERN DISTRICT OF TEXAS

 3                          MARSHALL DIVISION

 4   INTELLECTUAL VENTURES II, LLC     )(
     PLAINTIFF                         )(    CIVIL DOCKET NO.
 5                                     )(    2:16-CV-980-JRG
     VS.                               )(    MARSHALL, TEXAS
 6                                     )(
     FEDEX CORP., FEDERAL EXPRESS      )(
 7   CORP., FEDEX GROUND PACKAGE       )(
     SYSTEM, INC., FEDEX FREIGHT,      )(
 8   INC., FEDEX CUSTOM CRITICAL,      )(
     INC., FEDEX OFFICE AND PRINT      )(
 9   SERVICES, INC., AND GENCO         )(
     DISTRIBUTION SYSTEM, INC.,        )(    MAY 18, 2018
10   DEFENDANTS                        )(    1:15 P.M.

11                      TRANSCRIPT OF JURY TRIAL

12            BEFORE THE HONORABLE JUDGE RODNEY GILSTRAP

13              UNITED STATES CHIEF DISTRICT JUDGE

14   APPEARANCES:

15   FOR THE PLAINTIFF:       Mr. Alan S. Kellman
                              Ms. Lauren M. Nowierski
16                            Mr. Jordan N. Malz
                              Mr. Adam D. Steinmetz
17                            Ms. Jennifer M. Przybylski
                              Mr. Kyle G. Petrie
18                            DESMARAIS LLP
                              230 Park Avenue
19                            New York, New York 10169

20
     COURT REPORTER:          Ms. Shelly Holmes, CSR, TCRR
21                            Official Court Reporter
                              United States District Court
22                            Eastern District of Texas
                              Marshall Division
23                            100 E. Houston
                              Marshall, Texas  75670
24                            (903) 923-7464

25   (Proceedings recorded by mechanical stenography, transcript
     produced on a CAT system.)
```

```
FOR THE PLAINTIFF:      Mr. William E. Davis, III
                        Mr. Christian J. Hurt
                        THE DAVIS FIRM, P.C.
                        213 N. Fredonia Street
                        Suite 230
                        Longview, Texas  75601

FOR THE DEFENDANTS:     Mr. Gerald F. Ivey
                        Ms. Aliza George Carrano
                        FINNEGAN, HENDERSON, FARABOW,
                        GARRETT & DUNNER, LLP
                        901 New York Avenue, N.W.
                        Washington, D.C. 20001

                        Mr. Jeffrey A. Berkowitz
                        Mr. Elliot C. Cook
                        Mr. Michael V. Young, Sr.
                        Mr. John Derek McCorquindale
                        Mr. Daniel C. Tucker
                        Mr. Joseph M. Schaffner
                        Mr. Alexander M. Boyer
                        FINNEGAN, HENDERSON, FARABOW,
                        GARRET & DUNNER, LLP
                        Two Freedom Square
                        11955 Freedom Drive
                        Suite 800
                        Reston, Virginia 20190-5675

                        Mr. Eric H. Findlay
                        Mr. R. Brian Craft
                        FINDLAY CRAFT, P.C.
                        102 North College Avenue
                        Suite 900
                        Tyler, Texas  75702
```

```
1                    P R O C E E D I N G S
2
3           (Jury out.)
4           COURT SECURITY OFFICER:  All rise.
5           THE COURT:  Be seated, please.
6           Counsel, the Court has received a note from the
7    jury.  I'm going to mark it in the upper right-hand corner
8    as No. 1.  After I've read it into the record, I'll deliver
9    the original to the courtroom deputy.
10          The note reads as follows:  Can we please have
11   testimony from V. Thomas Rhyne Ph.D. on his processing of
12   Claim 1, patent '715, including his deposition and the same
13   information from Melissa Wagner?
14          And it's dated today's date and signed with what
15   appears to be the signature of Juror No. 2, Mr. Fischer.
16          Counsel, I have, in light of this note, prepared a
17   draft response which I'll review with you now.  And I have
18   two extra copies if one from each side would like to
19   approach the courtroom deputy and get it.  It's rather
20   short.  I'll read it to you, and then I'll ask for comments
21   from the parties.
22          Members of the jury, you have asked for the
23   testimony of Dr. Rhyne and Ms. Wagner.  As I told you in my
24   instructions, the transcripts of their testimony and the
25   testimony of all the witnesses would not be available to you
```

1  after you retired to consider your verdict, and you would
2  have to rely on your memory of the evidence during your
3  deliberations.  These instructions still apply.
4            Is there objection to this response from either the
5  Plaintiff or the Defendant?
6            MR. KELLMAN:  Not from the Plaintiff, Your Honor.
7            MR. IVEY:  No, Your Honor.
8            THE COURT:  Then I'll sign the original of this
9  written response and deliver it to the Court Security
10 Officer with instructions for him to deliver it to the jury.
11           I'll also sign and deliver a duplicate original of
12 the same response to the courtroom deputy.
13           And with that, counsel, awaiting either another
14 note from the jury or a verdict, we stand in recess.
15           COURT SECURITY OFFICER:  All rise.
16           (Recess.)
17           (Jury out.)
18           COURT SECURITY OFFICER:  All rise.
19           THE COURT:  Counsel, I've received the following
20 from the Court Security Officer.  This is from the jury, and
21 it appears to be signed by Mr. Fischer, Juror No. 2, who I'm
22 assuming is the foreperson:
23           We have reached a verdict.
24           And it's dated with today's date.
25           I'll hand the original note to the courtroom

```
 1   deputy.
 2           And with that, Mr. McAteer, please bring in the
 3   jury.
 4           COURT SECURITY OFFICER:  All rise for the jury.
 5           (Jury in.)
 6           THE COURT:  Please be seated.
 7           Mr. Fischer, do I understand that you're the
 8   foreperson of the jury?
 9           THE FOREPERSON:  Yes, sir.
10           THE COURT:  Has the jury reached a verdict?
11           THE FOREPERSON:  Yes, sir, Your Honor, we have.
12           THE COURT:  Will you hand the verdict form to the
13   Court Security Officer who will bring it to me?
14           All right.  Ladies and gentlemen.  I'm going to
15   announce the verdict into the record at this time, and I'm
16   going to ask each member of the jury to listen very
17   carefully as I do that, because after I have announced the
18   record, I'm going to poll the jury to make sure that this is
19   the unanimous verdict of all eight members of our jury.
20           Turning to the verdict form and beginning on Page 2
21   where Question 1 is located:  Did the Plaintiffs -- did the
22   Plaintiff prove by a preponderance of the evidence that any
23   or all of the FedEx Defendants infringed the following
24   claims of the patents-in-suit?
25           With regard to the '581 patent, the answer to
```

```
 1  Claims 1, 18, and 20 is no.
 2          With regard to the '586 patent, the answer to Claim
 3  7 is no.
 4          With regard to the '715 patent, the answer
 5  regarding Claims 1 and 4 is no.
 6          And with regard to the '356 patent, the answer to
 7  Claim 1 is no.
 8          Turning to the next, Page 3, wherein Question 2 was
 9  found, this is the question regarding willfulness, the
10  answer to both is no.
11          Turning to Page 4 where Question 3 is found, with
12  regard to invalidity, with regard to the '581 patent, Claim
13  1, whether it is or is not invalid as obvious, the answer is
14  yes.
15          With regard to Claim 18 of the '581 patent, as to
16  whether or not the claim is invalid as obvious, the answer
17  is yes.
18          With regard to Claim 20 of the '581 patent, with
19  regard to whether the claim is invalid as obvious, the
20  answer is yes.
21          With regard to Claim 7 of the '586 patent, whether
22  the claim is invalid -- invalid as anticipated, the answer
23  is yes; and whether it is invalid as obvious, the answer is
24  yes.
25          With regard to the '715 patent, Claim 1, with --
```

1  concerning whether it is invalid as obvious, the answer is
2  no.
3          With regard to Claim 4 of the '715 patent, whether
4  it is invalid as obvious, the answer is no.
5          With regard to Claim 1 of the '356 patent as to
6  whether it is invalid as obvious, the answer is yes.
7          Question 4, as the instructions in the verdict form
8  provide, has not been answered.
9          And on the sixth and final page of the verdict
10 form, the document is dated with today's date and signed by
11 Mr. Fischer as the jury foreperson.
12         I'll hand the original verdict to the courtroom
13 deputy.
14         Ladies and gentlemen, let me poll you at this time
15 and make sure that the verdict that I've read into the
16 record reflects the unanimous decision of all eight members
17 of the jury.
18         If this is your verdict as I have read it, would
19 you please stand?
20         (Jury polled.)
21         Thank you, please be seated.
22         Let the record reflect that all eight members of
23 the jury immediately rose and stood in response to the
24 Court's question to poll the jury. The Court finds that
25 this is the unanimous -- unanimous verdict of all eight

1  members of the jury, and the Court accepts the verdict as
2  rendered by the jury.
3          Ladies and gentlemen, this now completes the trial
4  of this case.  From the very beginning, I have instructed
5  you more times than you can probably remember not to discuss
6  the case with anyone, including among yourself, until all
7  the evidence had been heard.
8          I gave you various other instructions about your
9  conduct throughout the trial.  I'm now releasing you from
10 all those obligations and instructions.  This means you're
11 free to talk about this case and your service as jurors with
12 anyone that you choose to.
13         It also means, conversely, you're not obligated or
14 required to talk with anyone about this case and your
15 service as jurors if you don't want to.
16         I will explain one matter to you, which is the
17 custom and practice of this Court, and it's been this way --
18 well, it was this way throughout the 30 years that I was
19 practicing law here before I came on the bench, and it's a
20 long-standing practice in this division of this district,
21 and that is the lawyers in this case who are very interested
22 in your thinking and your comments are not allowed to
23 approach you and initiate a conversation about your service
24 as jurors.
25         If any of you would like to talk to the lawyers in

1   this case after you leave, I guarantee you they will
2   probably be on the front sidewalk waiting so that you'll
3   have to walk by them.  That's what I used to do when I was
4   in practice here.
5           And if you want to talk with them about your jury
6   service, stop, and you initiate a conversation, and they
7   will be glad to participate with you.  But if you don't want
8   to discuss your service, if you'd rather not, they will not
9   initiate a conversation.  They will not stop you or try to
10  stand between you and your automobile.  You just walk
11  straight by and smile, and no one will stop you or initiate
12  a conversation with you about your jury service.  It is your
13  decision and your decision alone.
14          But don't be surprised when you leave the building
15  if there are lawyers standing around for you to walk past.
16  That's a very common practice here because they're
17  interested -- whether they're on one side or the other,
18  they're interested in your observations about the job
19  they've done, the thoughts that you've had, and they would
20  be interested in talking to you, but that is strictly your
21  call.  If you want to visit, I'm sure they will visit with
22  you.  If you don't, then just don't start a conversation and
23  walk on by, as they say.
24          Also, ladies and gentlemen, I want -- I want to
25  tell you how much the Court appreciates your service.  This

1  is no small thing to serve as a jury in an important case
2  like this in a United States District Court.  I know that
3  every one of you had many other things that you were
4  obligated to do, that you were involved with, that were
5  important in your lives that got set aside and put on hold
6  for you to come and serve as jurors in this case.
7          And, quite frankly, we depend on that.  The Court
8  could not function as we're charged to under the
9  Constitution without ordinary citizens like yourselves
10 willing to make that sacrifice, and it's no small
11 sacrifice.  The Court recognizes that.  It's a significant
12 sacrifice, and it's worthy of recognition, of thanks, and
13 appreciation.
14         As a matter of fact, ladies and gentlemen, I'd like
15 to ask a favor of you, and this is something I do in every
16 case where I receive and accept a verdict from a jury like
17 yourselves.  I'm discharging you from your obligations as
18 jurors in this case, and you are free to leave, but if you
19 would, as a personal favor to me, I'd like you to, rather
20 than get up and leave the courthouse, I'd like you to go
21 back to the jury room for just a minute and let me come into
22 the jury room, because I'd like to shake each hand, and I'd
23 like to look each one of you in the eye and tell you
24 face-to-face how much the Court appreciates your service as
25 jurors.

```
 1              I think it's that important.  I think it's worthy
 2   of that kind of attention and expression of appreciation,
 3   and I promise I won't keep you.  I understand it's a Friday
 4   afternoon, and I promise you my wife has places she expects
 5   me to be tonight.  So it will be very short, but if you
 6   would give me the privilege, I'd like a moment to come and
 7   thank you in person before you leave the building.
 8              With that, ladies and gentlemen, as I say, you are
 9   discharged as jurors.  Your service in this case is
10   complete.  And if you'll do me that honor, I'll meet you in
11   the jury room in just a minute.
12              Counsel, that completes the trial of this case.
13   The Court accepts the verdict, and you are excused.
14              COURT SECURITY OFFICER:  All rise.
15              (Jury out.)
16
17
18
19
20
21
22
23
24
25
```

1      CERTIFICATION

2

3      I HEREBY CERTIFY that the foregoing is a true and

4 correct transcript from the stenographic notes of the

5 proceedings in the above-entitled matter to the best of my

6 ability.

7

8

9   /S/ Shelly Holmes                              5/18/18
    SHELLY HOLMES, CSR-TCRR                        Date
10  OFFICIAL REPORTER
    State of Texas No.: 7804
11  Expiration Date: 12/31/18

12

13

14

15

16

17

18

19

20

21

22

23

24

25